924 F.2d 85
 In the Matter of TALBOTT BIG FOOT, INC. and Patterson Gulf
Coast Drilling Co., as Owner/Manager of the Big
Foot Two, Petitioning for Exoneration
From or Limitation of Liability.
TALBOTT BIG FOOT, INC., Patterson Gulf Coast Drilling Co.,
Inc. and Patterson Gulf Coast Drilling Assoc.,
Ltd., Plaintiffs-Appellees,
v.
Richard BOUDREAUX, Kimrenee Boudreaux, Johnny A. Nichols,
Joel P. Wilson, Christine Wilson, Michelle Bertrand Barbier,
Individually and on Behalf of her Minor Child, Percy
Barbier, III and Karen Dubois Barbier, Individually and as
Natural Tutrix of the Minor Child, Kiisha Celeste Barbier,
Defendants-Appellants.
 No. 90-3323.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 15, 1991.
 
 Lawrence N. Curtis, Lafayette, La., for Richard Boudreaux and Kimrenne Boudreaux.
 Estelle E. Mahoney, Houma, La., for Nichols.
 T. Peter Breslin, Chehardy, Sherman, Ellis & Breslin, Metairie, La., for Wilson and M.B. Barbier.
 Jed G. Gremillion, Robert K. Guillory & Associates, Lafayette, La., for Karen Dubois Barbier.
 Walter J. Leger, Jr., Franklin G. Shaw, Leger & Mestayer, New Orleans, La., for Big Foot.
 Docia L. Dalby, Winston Rice, New Orleans, La., for Gard amicus curiae.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before CLARK, Chief Judge, GARZA and DAVIS, Circuit Judges.
 GARZA, Circuit Judge:
 
 
 1
 This is an interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(a)(3) from a trial determining limitation of liability. The facts in this appeal are not presently in controversy, the events occurring after the trial, however, are. Finding no case or controversy exists, this appeal is DISMISSED without prejudice to any pending litigation between the parties.
 
 I. Facts and Proceedings Below
 
 2
 An accident occurred in December 1986 aboard the BIG FOOT II, a drilling vessel, injuring three men and killing another. At the time of the accident, Patterson Gulf Coast Drilling Associates ("Patterson Associates"), a limited partnership, operated the drilling vessel and employed the men. Talbott Big Foot, Inc., the owner of the BIG FOOT II, had demise chartered the rig to Patterson Associates. Patterson Gulf Coast Drilling Company ("Patterson Co.") was a general partner in Patterson Associates[1]. The injured men and the heirs of the deceased worker are the claimants-appellants. They brought suit against the Patterson group, who are now the petitioners-appellees.
 
 
 3
 Patterson served a third party complaint upon Assuranceforenigen GARD ("GARD"), a mutual protection association which insured Patterson for up to $10,000,000. The GARD claimed that Patterson did not comply with its rules and regulations and has refused coverage based upon conditions existing at the time of the December 1986 incident. The GARD requested a stay pending arbitration as required by the contract with Patterson, and the district court granted it. The injured parties brought suit against the GARD under Louisiana's Direct Action Statute (La.Stat.Ann. Sec. 22:655). Though the district court granted the GARD's motion for summary judgment, another panel of this court held that the injured parties could bring suit under the direct action statute but the district court could stay the suit pending arbitration for a reasonable time. In re Talbott Big Foot, Inc., 887 F.2d 611 (5th Cir.1989).
 
 
 4
 Patterson filed a complaint in the district court seeking exoneration from, or limitation of liability, under the Limited Liability Act. 46 U.S.C.App. Secs. 181-195. A one day bench trial was conducted on September 26, 1988. After receiving post-trial memoranda, the findings of fact and conclusions of law were entered on November 22, 1988. The court exonerated Talbott from liability, and while not doing so for Patterson Associates or Patterson Co., their petition for limitation of liability was granted.
 
 
 5
 After trial was held in September, but before the district court entered its findings, Patterson entered into agreements with all the claimants. Patterson agreed to place $800,000 in a trust fund to be distributed amongst the claimants. The claimants, though reserving any existing causes of action against Patterson and the GARD, promised not to execute any judgment against Patterson, and to reimburse Patterson up to the $800,000 if the GARD was required to pay anything.
 
 
 6
 This appeal involves only the limitation of liability segment of the Patterson--Claimants--GARD litigation. The GARD is not a party to this appeal but was granted permission to file an amicus curie brief.
 
 II. Case or Controversy
 
 7
 The powers and limitations of the courts of the United States are contained in Article III of the U.S. Constitution.The Constitution limits the exercise of the judicial power to "cases" and "controversies." ... A "controversy" in this sense must be one that is appropriate for judicial determination. A justicible controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic and moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.
 
 
 8
 Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-41, 57 S.Ct. 461, 463-64, 81 L.Ed. 617 (1937) (citations omitted). In order for a controversy to be presented to a federal court, the resolution of the issues at hand must matter to the pertinent parties. It does not matter that in the future this litigation may be used as a strategic instrument; there must be an adversarial relationship between the parties as to the question and the judicial process must be capable of adjudicating it. Flast v. Cohen, 392 U.S. 83, 95, 88 S.Ct. 1942, 1949-50, 20 L.Ed.2d 947 (1968); In the Matter of Sullivan Cent. Plaza, I, Ltd., 914 F.2d 731, 734 (5th Cir.1990) (stating "[t]he mootness doctrine is grounded primarily and originally in the appellate court's inability to fashion relief.") (footnote omitted). "Essential to the concept of a controversy, under Article III, is an ongoing adversarial posture between the parties before the court." In the Matter of S.L.E., Inc., 674 F.2d 359, 364 (5th Cir.1982).
 
 
 9
 The claimants and the Patterson group all maintain a case or controversy exists. One of the claimants admits no case or controversy exists between the claimants and the Patterson group, but does exist between the claimants and the GARD. However, the only parties to this appeal are the claimants and the Patterson group. This appeal deals solely with the outcome of a limitation of liability action. After the trial but before the findings were published, all parties to that litigation entered into a settlement which limits Patterson's liability; furthermore, the settlement provides for reimbursing Patterson if a judgment is obtained against the GARD. The outcome of this appeal would not affect the rights of the claimants and Patterson vis a vis each other.
 
 
 10
 Patterson asserts a case and controversy does exist between themselves and claimants because they had a duty to vigorously defend the action; if they did not, the GARD might argue that that constituted additional grounds for denial of coverage and would be against their own self interests. Patterson further argues that the settlement agreements only limit their "uninsured exposure," while it allows claimants the right to have the full measure of their damages compensated should the arbitration find coverage does exist. Patterson overlooks the nature of this appeal, however. Its arguments only have merit absent the settlement. After the settlements were entered into the issue of limiting Patterson's liability became moot.
 
 
 11
 Mootness concerns itself with the essence of the adversarial process itself. When mootness arises, non-justicibility does too, unless it meets the "capable of repetition, yet evading review" standard. Laurenzo v. Mississippi High School Activities Asso., 662 F.2d 1117, 1120 (5th Cir.1981). "The duty of this court 'is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " Oil, Chemical & Atomic Workers International Union v. Missouri, 361 U.S. 363, 367, 80 S.Ct. 391, 394, 4 L.Ed.2d 373 (1960) (quoting Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 132-33, 40 L.Ed. 293 (1895)) (emphasis added). As between Patterson and the claimants, the only parties to this limitation of liability litigation, their dispute was settled with the adoption of their settlement agreement. "The settlement released opposing litigants, rendering the appeal moot." In the Matter of S.L.E., Inc., 674 F.2d at 364.
 
 III. Conclusion
 
 12
 There being no justicible dispute before this court on this appeal because of the settlement agreements between Patterson and the claimants, we conclude that Article III of the United States Constitution does not grant us the jurisdiction to entertain this appeal.
 
 
 13
 APPEAL DISMISSED without prejudice to any pending litigation between any of the parties in this appeal and any other parties arising out of the incident which gave rise to this lawsuit.
 
 
 
 [1]
 Patterson Gulf Coast Drilling Associates, Patterson Gulf Coast Drilling Company and Talbott Big Foot, Inc. will be referred to as Patterson, or the Patterson group