# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2011

No. 10-11140
Summary Calendar

Lyle W. Cayce
Clerk

JAVIER ARINSON LANDAZURI,

Petitioner - Appellant

v.

KEITH E. HALL, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CV-49

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In the United States District Court for the Western District of Louisiana, Javier Arinson Landazuri, federal prisoner # 83145-079, pleaded guilty to conspiracy to distribute cocaine base and was sentenced, *inter alia*, to 235 months' imprisonment. Landazuri, however, filed the 28 U.S.C. § 2241 petition at issue on this appeal in the Northern District of Texas. In it, he challenged his sentence and conditions of confinement, claiming, *inter alia*, he should receive a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on the 2007

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing-Guidelines amendments for crack-cocaine offenses. *See, e.g.*, *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).   In this *pro se* appeal, Landazuri raises only his § 3582(c)(2) contention.  Accordingly, he waives any challenge to the district court's denial of relief on his other claims. *E.g.*, *Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999).

Regarding the § 3582(c) issue, the district court dismissed for lack of jurisdiction because it was not the sentencing court.  The dismissal of a § 2241 petition is reviewed *de novo*. *E.g.*, *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (holding § 2241 petition challenging manner in which prisoner's sentence was initially determined must either be dismissed or construed as 28 U.S.C. § 2255 motion, which must be filed in  court in which prisoner was  sentenced). Because Landazuri did not file this challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it. *See, e.g.*, *id.* at 212; *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).  Furthermore, the district court in which Landazuri was sentenced has previously denied his petition for sentence reduction pursuant to § 3582(c)(2).

AFFIRMED.