# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2011

No.  11-50101

Lyle W. Cayce
Clerk

ROTHE DEVELOPMENT, INCORPORATED,

Plaintiff - Appellant

v.

UNITED STATES DEPARTMENT OF DEFENSE; UNITED STATES
DEPARTMENT OF AIR FORCE,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, and DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:

Appellant Rothe Development, Inc. ("Rothe") appeals the district court's dismissal of its complaint for lack of subject-matter jurisdiction.  Rothe sued the United States Department of Defense and the United States Air Force (collectively "DoD") for declaratory and injunctive relief, alleging the DoD violated various in-sourcing procedures adopted pursuant to federal law.  The district court dismissed, concluding exclusive jurisdiction lay in the Court of Federal Claims.  We AFFIRM.

Rothe contracted with the DoD to provide information technology services at the Minneapolis-St. Paul Air Reserve Station in Minnesota in 1987.  In March

No. 11-50101

2010, the DoD informed Rothe it intended to "in-source" Rothe's technology services by directly hiring federal employees in lieu of continuing to contract for information technology services. The DoD scheduled its in-sourcing for September 2010, at the expiration of Rothe's contract. After unsuccessful attempts to dissuade the DoD of its in-sourcing decision, Rothe sued under Section 702 of the Administrative Procedure Act ("APA"), alleging the DoD's in-sourcing decision violated its procurement procedures promulgated under 10 U.S.C. § 2463. The district court dismissed Rothe's suit as a bid protest under the Tucker Act, 28 U.S.C. § 1491(b), over which the Court of Federal Claims has exclusive jurisdiction.

We review de novo the district court's dismissal for lack of subject-matter jurisdiction. *Dresser v. Meba Med. & Benefits Plan*, 628 F.3d 705, 708 (5th Cir. 2010). We similarly review a district court's interpretation of a statute de novo. *Id.*

"A federal court has no subject matter jurisdiction over claims against the United States unless the government waives its sovereign immunity and consents to suit." *Danos v. Jones*, 652 F.3d 577, 582 (5th Cir. 2011). The APA waives sovereign immunity to the extent a party "adversely affected . . . by agency action" seeks "relief other than money damages." 5 U.S.C. § 702. The APA limits this waiver, however, only to situations where no "other statute that grants consent to suit expressly or impliedly forbids the relief that is sought." *Id.* The Tucker Act provides in relevant part:

> [T]he United States Court of Federal Claims *and the district courts* . . . shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

2

No. 11-50101

28 U.S.C. § 1491(b)(1) (emphasis added).

Congress subjected the district courts' jurisdiction under this paragraph to a sunset provision, terminating district court jurisdiction as of January 1, 2001. *See* Administrative Dispute Resolution Act of 1996, Pub L. No. 104-320, 110 Stat. 3870, 3875 (1996). Congress did not renew the district courts' jurisdiction, and the Court of Federal Claims now retains exclusive jurisdiction over "action[s] by an interested party" "objecting to . . . any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." The parties dispute whether Rothe's challenge is such an action; we conclude it clearly is.

Rothe first asserts that because an insourcing decision necessarily means *no* contract has been assigned, Rothe is by definition not an "interested party" under the statute. This interpretation betrays the obvious meaning of "interested party," whose source Rothe concedes. The Competition in Contracting Act defines an interested party as "an actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract." 31 U.S.C. § 3551(2)(A). Rothe's complaint specifically states that it seeks to "keep its scope of work in the competitive realm in order to re-compete for the work," as it believed it was "the low cost provider" to the DoD for the services in question. It stated that the DoD would "continue to receive full performance from [Rothe] as the low-cost provider if the insourcing is enjoined." Rothe's complaint clearly indicates its direct economic interest as a prospective bidder. Rightly so; if Rothe had no such interest, it is difficult to imagine how it could demonstrate a particularized injury necessary for Article III standing. *See K.P. v. LeBlanc*, 627 F.3d 115, 122-123 (5th Cir. 2010); *see also Vero Technical Support v. U.S. Dep't of Def.*,

No.  11-50101

437 F. App'x 766, 770-71 (11th Cir. 2011) (unpublished decision).[*] Rothe is an interested party for Tucker Act purposes.

Rothe briefly contests that it does not "allege a violation of . . . statutes or regulations *per se*."  Instead, Rothe argues its complaint challenges the DoD's promulgated procedures under various federal laws, and, specifically, the DoD's failure to follow these procedures to its detriment.  Rothe's complaint contradicts this argument.  Rothe alleges that "Defendants' insourcing decision is not in accordance with insourcing procedures required by 10 U.S.C. § 2463 which Defendants have bound themselves to."  In light of the "sweeping scope" of the phrase "in connection with," *RAMCOR Servs. Group, Inc. v. United States*, 185 F.3d 1286, 1289 (Fed. Cir. 1999), Rothe alleges a violation of a statute or regulation as required by the Tucker Act.  *Vero Technical Support*, 437 F. App'x at 769.

Finally, Rothe argues that because a decision to insource inherently converts a function from outside contractor to in-house production, it "clearly and unequivocally" exceeds the definition of "procurement."  We disagree.  The Tucker Act does not define a procurement, but the Federal Circuit has adopted the definition of procurement now codified at 41 U.S.C. § 111, specifically that "the term 'procurement' includes all stages of the process of acquiring property or services, beginning with the process for determining a need for property or services and ending with contract completion and closeout." *Distrib. Solutions, Inc. v. United States*, 539 F.3d 1340, 1345 (Fed. Cir. 2008) (interpreting definition previously codified at 41 U.S.C. § 403(2)).  Rothe's argument ignores that this definition specifically includes the process for *determining a need for services*, which by necessity includes the choice to *refrain* from obtaining outside

---

[*] *Vero*, an unpublished decision, is not considered binding authority in the Eleventh Circuit.  We cite it only to show the congruence of our thinking with that of another panel of appellate judges.

services. *Vero Technical Support*, 437 F. App'x at 769-70. The very processes Rothe challenges reflect the DoD's attempt to economically determine whether and from whom to contract for goods and services. Rothe's construction of procurement would require us to believe Congress intended concurrent jurisdiction over bid protests where the DoD determined it could execute functions more cost-effectively with federal employees, but exclusive jurisdiction in the Court of Federal Claims where the DoD concluded an outside contract was more efficient. We refuse to adopt so narrow a meaning of a procurement.

Rothe's complaint constitutes an action by an interested party alleging a violation of a statute or regulation in connection with a procurement. Accordingly, the Tucker Act confers exclusive jurisdiction over this action with the Court of Federal Claims, and the APA does not waive sovereign immunity as to Rothe's claims. The district court therefore correctly dismissed Rothe's complaint for lack of subject-matter jurisdiction.

**AFFIRMED.**