# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 18, 2013         Decided April 8, 2014

No. 12-5155

FISHER-CAL INDUSTRIES, INC.,
APPELLANT

v.

UNITED STATES OF AMERICA, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cv-00791)

*Lawrence J. Sklute* argued the cause and filed the briefs for appellant.

*Alan Burch*, Assistant U.S. Attorney, argued the cause for appellees. With him on the brief were *Ronald C. Machen*, *Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney. *W. Mark Nebeker*, Assistant U.S. Attorney, entered an appearance.

Before: HENDERSON and SRINIVASAN, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*: Fisher-Cal Industries, Inc., filed a complaint in the district court, alleging that the United States Air Force violated the Administrative Procedure Act when the Air Force opted not to renew a contract for multimedia services with Fisher-Cal and decided instead to in-source the services. The district court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), concluding that Fisher-Cal's claim falls within the exclusive Tucker Act jurisdiction of the United States Court of Federal Claims. We affirm.

## Background

In 2009 the United States Air Force entered into a contract with appellant Fisher-Cal Industries to provide Dover Air Force base with multimedia services. The contract had a base one-year term with four additional one-year term options. After the first nine months of Fisher-Cal performing under the contract, the Air Force notified Fisher-Cal that it had decided not to exercise its option to renew the contract after the base one-year term expired. The Air Force explained that it would in-source the multimedia services, having civilian government employees perform the work. After expiration of the contract, Fisher-Cal filed suit in the United States District Court for the District of Columbia. In its suit Fisher-Cal alleged that the Air Force's decision to in-source the multimedia services was arbitrary and capricious under the Administrative Procedure Act ("APA") because the Air Force had failed to perform a proper cost analysis pursuant to 10 U.S.C. §§ 129a and 2463 (2010).

The district court dismissed the suit for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In dismissing the suit, the district court noted that the Tucker Act, 28 U.S.C. § 1491, as amended by the Administrative Disputes Resolution Act of 1996, provides that

the United States Court of Federal Claims "shall have jurisdiction to render judgment on an action by an interested party objecting to . . . any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." The district court went on to note that although the Tucker Act does not define "procurement," the relevant definition of the term was to be found in 41 U.S.C. § 111, which states that "procurement" includes "all stages of the process of acquiring property or services, beginning with the process for determining a need for property or services and ending with contract completion and closeout."

The terms of 28 U.S.C. § 1491 and definition of procurement in 41 U.S.C. § 111, the district court reasoned, provide that in-sourcing decisions are matters connected to procurement of federal contracts. Citing *Rothe Development, Inc. v. U.S. Department of Defense*, 666 F.3d 336, 339 (5th Cir. 2011), *Vero Technical Support, Inc. v. U.S. Department of Defense*, 437 F. Appx. 766, 769–70 (11th Cir. 2011), and *Distributed Solutions, Inc. v. United States*, 539 F.3d 1340, 1346 (Fed. Cir. 2008), the district court concluded that the Air Force's decision to in-source necessarily involved "determining a need for property or services" and was therefore "in connection with a procurement" under the Tucker Act. The district court consequently determined that it had no subject matter jurisdiction over the matter because "the Court of Federal Claims has exclusive jurisdiction over challenges to the government's decision to insource services and thus over this dispute," *Fisher-Cal Industries, Inc., v. United States*, 839 F. Supp. 2d 218, 224 (D.D.C. 2012). The district court dismissed the suit.

4

## Discussion

Fisher-Cal now appeals the district court's dismissal of its suit for lack of subject matter jurisdiction. Fisher-Cal states that the question for the Air Force during the one-year base term of the contract was whether at the expiration of that initial term the Air Force would in-source or contract the multimedia services. Since the Air Force opted to in-source, Fisher-Cal further states that this court is now reviewing that decision to in-source. As it did in the district court, Fisher-Cal asserts that the allegations raised in its suit concerning the decision to in-source fall within the APA jurisdiction of the district court. There is no dispute by Fisher-Cal that the Tucker Act confers exclusive jurisdiction on the Court of Federal Claims for suits alleging a procurement violation. Nor does Fisher-Cal dispute that the definition of "procurement" is that found in 41 U.S.C. § 111. Instead, Fisher-Cal argues that the Air Force's decision to in-source does not fall within the Tucker Act jurisdiction of the Court of Federal Claims because a suit involving in-sourcing does not fall within the definition of procurement. According to Fisher-Cal, the Tucker Act references only that which occurs after the decision has been made to either in-source or contract.

To arrive at this conclusion, Fisher-Cal separates § 111's definition of "procurement" into three separate clauses, i.e., the term "procurement" (1) "includes all stages of the process of acquiring property or services," (2) "beginning with the process for determining a need for property or services," (3) "and ending with contract completion and closeout." Fisher-Cal asserts that § 111's second clause, "beginning with the process for determining a need for property or services," must be read in context of § 111's first clause, "all stages of the process of acquiring property or services," with emphasis on the word "acquiring." When the second clause is thus read in context of the first clause, according to Fisher-Cal, it describes the

beginning of the process of acquiring the property/services referenced in the first clause. Fisher-Cal concludes that the definition of procurement in § 111 requires the method of "acquiring," and does not include the government's internal deliberating as to whether to select in-sourcing or contracting as the method the government will use to obtain the property or services. Accordingly, Fisher-Cal argues, the Air Force's decision to in-source does not fall within the Tucker Act jurisdiction of the U.S. Court of Federal Claims. Like the district court, we reject Fisher-Cal's argument.

Again like the district court, we accept the reasoning of the Federal Circuit, the court with jurisdiction to review decisions of the Court of Federal Claims, in *Distributed Solutions*. In that case the Federal Circuit held that lawsuits involving decisions whether to in-source or contract fall within the jurisdiction of the Tucker Act. In *Distributed Solutions*, the government issued a Request for Information ("RFI") to software vendors in June 2005 to identify "acquisition and assistance" solutions for a "common computer platform" it was developing between the United States Agency for International Development and the Department of State. 539 F.3d at 1342. After reviewing vendors' responses, however, it decided to use SRA International, Inc., a company with which it already had a contract, "to integrate the various acquisition and assistance functions necessary to implement" the computer platform. *Id.* at 1343. In connection with its integration role, SRA was charged with selecting software vendors to perform different functions, which it did after issuing a RFI of its own in August 2005. Two vendors that were not selected following the August RFI filed suit in the Court of Federal Claims challenging the government's decision to award the integration work to SRA. *See id.* at 1343–44.

One issue before the Federal Circuit was whether the vendors' complaint had met the jurisdictional requirements of the Tucker Act. The court stated the issue as whether the vendors' protest was "in connection with a procurement or proposed procurement" under 28 U.S.C. § 1491(b). The court, emphasizing "*beginning with the process for determining a need* for property or services" in the definition of procurement, concluded that "the phrase, 'in connection with a procurement or proposed procurement,' by definition involves a connection with any stage of the federal contracting acquisition process, including 'the process for determining a need for property or services.'" *Id.* at 1345–46.

Fisher-Cal argues that in *Distributed Solutions* the Federal Circuit looked to the issuance of the Request for Information as marking the beginning of the process for determining the agency's needs, and not the internal agency discussions that preceded issuance of the RFI. *Distributed Solutions*, according to Fisher-Cal, should therefore be read as limited to situations where the agency has already decided to contract. Fisher-Cal's argument continues that the district court, as well as the Fifth Circuit in *Rothe Development* and the Eleventh Circuit in *Vero Technical Support*, on which the district court relied, fundamentally misapplied *Distributed Solutions* to challenges to an agency's internal deliberations as to whether the property or services can be in-sourced.

While we review *de novo* the dismissal by the district court for lack of subject matter jurisdiction, *see Tex. Alliance for Home Health Care Servs. v. Sebelius*, 681 F.3d 402, 408 (D.C. Cir. 2012), we reach the same conclusion. To begin, we reject Fisher-Cal's strained reading of § 111. The statute explicitly specifies that the stage where the process "begin[s]" is the "process for determining a need for property or services." Fisher-Cal's proposition that the procurement process does not

begin until after the government has already determined the need to procure is inconsistent with the plain meaning of this language. "[W]e must be governed by the statute and its plain meaning." *U.S. v. Atchison, T. & S.F. R. Co.*, 234 U.S. 476, 488 (1914).

Nothing in the statute suggests any presumption of acquiring the services by contract. The statute comfortably includes acquiring the services by either in-sourcing or outsourcing. No appellate court has adopted Fisher-Cal's interpretation of the definition of procurement. *Rothe Development* and *Vero Technical Support*, as well as *Distributed Solutions*, all cited by Fisher-Cal, actually reference the plain meaning of procurement's definition. *See Rothe Development*, 666 F.3d at 339 (challenge to in-sourcing decision within scope of Tucker Act because definition of procurement "includes the process for *determining a need for services*, which by necessity includes the choice to *refrain* from obtaining outside services") (emphasis in original); *Vero Technical Support*, 437 F. Appx. at 769–70 (challenge to in-sourcing decision within scope of Tucker Act because decision to in-source involves process of "determining a need for property or services"); *Distributed Solutions*, 539 F.3d at 1346 ("the phrase, 'in connection with a procurement or proposed procurement,' by definition involves a connection with any stage of the federal contracting acquisition process, including 'the process for determining a need for property or services'").

We conclude that Fisher-Cal's challenge to the Air Force's decision to in-source is governed by the Tucker Act, and therefore jurisdiction for the challenge lies with the U.S. Court of Federal Claims. We note that appellees raise several other justiciability objections to Fisher-Cal's action, but in light of our disposition on the jurisdictional question discussed above, we need not reach them and express no opinion on them. Courts

may "choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999).

## Conclusion

As the district court rightly held, if the complaint of Fisher-Cal states a claim within the jurisdiction of any court, it is within the exclusive Tucker Act jurisdiction of the United States Court of Federal Claims pursuant to 28 U.S.C. § 1491. The district court's dismissal of Fisher-Cal's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) is therefore

*Affirmed*.