# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30032

United States Court of Appeals
Fifth Circuit

**FILED**
December 10, 2019

Lyle W. Cayce
Clerk

Consolidated with 19-30064

ATAKAPA INDIAN DE CREOLE NATION,

     Plaintiff - Appellant

v.

STATE OF LOUISIANA, Office of Indian Affairs; UNITED STATES OF AMERICA,

     Defendants - Appellees

Appeals from the United States District Court
for the Western District of Louisiana

Before OWEN, Chief Judge, and BARKSDALE and DUNCAN, Circuit Judges.

STUART KYLE DUNCAN, Circuit Judge:

The plaintiff, a lawyer who styles himself both a monarch and a deity, brought claims on behalf of an Indian tribe alleging that the defendants have, among other misdeeds, monopolized "intergalactic foreign trade." The district court dismissed the case based on sovereign immunity. We affirm on the alternate basis that the plaintiff's claims are frivolous and the district court therefore lacked jurisdiction to entertain them. *See Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 344 (5th Cir. 1977).

No. 19-30032

I.

This action was originally brought as a habeas corpus proceeding by Edward Moses, Jr., a lawyer who calls himself the trustee of the "Atakapa Indian de Creole Nation." This group is not a federally recognized Indian tribe, and its precise nature is unclear. *See* Indian Entities Recognized by and Eligible To Receive Services from the United States Bureau of Indian Affairs, 84 Fed. Reg. 1200 (Feb. 1, 2019). The initial complaint alleged the Atakapa "are being held as wards of the State through the Louisiana Governor's Office of Indian Affairs" and "in pupilage under the United States," and sought formal recognition as "indigenous to Louisiana." The claims were based on a gumbo of federal and state laws, including eighteenth-century federal treaties with France and Spain, as well as sources such as the "Pactum De Singularis Caelum, [or] the Covenant of One Heaven." The plaintiff subsequently filed something resembling an amended complaint, which sought to reclassify the action as a "libel suit" under maritime jurisdiction.

The United States and Louisiana moved to dismiss, arguing the district court lacked subject matter jurisdiction. The magistrate judge recommended granting the motion. The plaintiff objected and moved to file a second amended complaint, alleging jurisdiction under federal antitrust laws and Title VII. The district court dismissed the action for lack of subject matter jurisdiction. It also denied the plaintiff's separate motions for new trial and reconsideration, for leave to file a third amended complaint, and for an emergency injunction. Finally, the court issued an order finding the plaintiff's filings "constitute[d] potential violations under Federal Rule of Civil Procedure 11 that would require an imposition of sanctions by this Court on Plaintiff's counsel."

The plaintiff appeals the dismissal of his claims as well as the denial of various motions. The appeals have been consolidated.

No. 19-30032

II.

We review *de novo* the district court's dismissal for lack of subject matter jurisdiction. *Rothe Dev., Inc. v. U.S. Dep't of Def.*, 666 F.3d 336, 338 (5th Cir. 2011) (citation omitted).

III.

The district court dismissed on sovereign immunity grounds, but we need not go that far to resolve this appeal. The plaintiff's claims are entirely frivolous and the district court therefore lacked power to entertain them.

Some claims are "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." *See Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666 (1974). Federal courts lack power to entertain these "wholly insubstantial and frivolous" claims. *Southpark Square*, 565 F.2d at 343–44. Determining whether a claim is "wholly insubstantial and frivolous" requires asking whether it is "obviously without merit" or whether the claim's "unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject." *Id.* at 342.

Unsurprisingly, we can find no Supreme Court precedent controlling or even addressing the plaintiff's exotic claims. We must therefore ask: are the claims "obviously without merit"? We say yes.

The pleadings speak for themselves. To begin with, the Atakapa's counsel, Edward Moses, Jr.—who appears to be the real plaintiff—refers to himself throughout under such titles as: "His Majesty," "[T]he Christian King de Orleans," "[T]he God of the Earth Realm," and the "Trust Protector of the American Indian **Tribe of מֹשֶׁה Moses**" (bold and Hebrew script in original).

The plaintiff's claims are no less bizarre. For instance, the original complaint alleges, without any explanation, that the Atakapa are being held in "pupilage" by the United States and as "wards" of Louisiana. The first

amended complaint seeks a "declaration of rights guaranteed . . . by the 1795 Spanish Treaty with the Catholic Majesty of Spain and the 1800 French Treaty with the former Christian Majesty of France." The proposed second amended complaint attempts to name these additional defendants: Secretary of the Interior Ryan Zinke, Attorney General Jeff Sessions, King Felipe VI of Spain, Prime Minister Justin Trudeau of Canada, President Emmanuel Macron of France, Chancellor Angela Merkel of Germany, Prime Minister Theresa May of the United Kingdom, Pope Francis, President Xi Jinping of China, President Abdel Fattah el-Sisi of Egypt, Prime Minister Fayez al-Sarraj of Libya, President George Weah of Liberia, Prime Minister Antonio Costa of Portugal, and President Donald J. Trump. That same document also alleges that the United States and Louisiana seek to monopolize "intergalactic foreign trade." This was no typographical error: the plaintiff continues to argue on appeal that the defendants are attempting to "monopoliz[e] . . . domestic, international and intergalactic commercial markets."

We will not try to decipher what any of this means. "[T]o do so might suggest that these arguments have some colorable merit." *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam). Despite all this, jurisdiction would still lie if the plaintiff presented a non-frivolous federal question. We find none. For example, the plaintiff asserts various antitrust violations, but fails to allege any colorable basis for them. The best he can do is to allege anticompetitive behavior by Thompson Reuters. He seeks an injunction, not to stop anything defendants are doing to the Atakapa, but instead to "restrain[ ] the Doctrine of Discovery and the Doctrine of Conquest more commonly known as the Doctrine of White Supremacy." Many of the arguments depend, not on the alleged violation of any federal statute or rule, but instead on the assertion that "[t]he 1803 Louisiana Purchase Treaty is not 'Law of the Land.'"

4

No. 19-30032

We could say more, but these examples are enough to show the plaintiff's claims are wholly without merit. *See Southpark Square*, 565 F.2d at 342. "The government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of 'adjudicating' this meritless appeal." *Crain*, 737 F.2d at 1418. The district court lacked jurisdiction "because the claim[s] asserted [are] so attenuated and unsubstantial as to be absolutely devoid of merit." *Southpark Square*, 565 F.2d at 344 (cleaned up). For the same reason, the district court did not err in denying the other motions.

AFFIRMED