# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11583
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2020

Lyle W. Cayce
Clerk

LUAL MARKO DENG,

Plaintiff-Appellant

v.

JAMES ROBERT PARKER; PARKER SPORTS MEDICINE & ORTHOPEDICS; PANHANDLE SURGICAL HOSPITALS; PHYSICIANS SURGICAL HOSPITALS; CALICO COUNTY; ANNISSIYA BRASHEARS; MERCEDES MILLER; HIBO OMER; WILLIE LNU; MAKAYLA LNU,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-61

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lual Marko Deng filed a pro se complaint alleging that his orthopedic surgeon, Dr. James Robert Parker, had implanted a microchip into his knee without his consent during a surgery to repair his ACL in violation of his civil rights. He later filed an amended complaint where he renewed his allegations

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11583

against Dr. Parker and added parties to his lawsuit, including several "Facebook associates," a Chick-fil-A employee, Dr. Parker's orthopedic surgery practice, and two local hospitals. The district court dismissed Deng's amended complaint sua sponte because his claims lacked the legal plausibility necessary to invoke federal subject matter jurisdiction. Deng filed a timely notice of appeal.

Deng argues that the district court erred in dismissing his amended complaint sua sponte for lack of jurisdiction. He has also filed motions to file a corrected brief and appendix. In addition, he moves to expedite his appeal. This court reviews the district court's dismissal for lack of subject matter jurisdiction de novo. *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019).

Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Deng fails to brief any issue relevant to the district court's dismissal of his amended complaint or otherwise challenge the court's jurisdictional conclusion. As such, he has abandoned the sole issue available to him on appeal. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Deng's appeal is frivolous, it is **DISMISSED**. His motions to file a corrected brief and appendix are **GRANTED**. His motion to expedite his appeal is **DENIED**.