# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2021

Lyle W. Cayce
Clerk

No. 20-30461

Atakapa Indian de Creole Nation,

*Plaintiff—Appellant*,

*versus*

John Bel Edwards, *Governor*; Sharon Weston Broome, *Mayor*; Melinda Mitchell, *Mayor*; Murphy J. Paul, Jr., *Baton Rouge Police Chief*; LaToya Cantrell, *Mayor*; et al,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-28

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Plaintiff sued more than 150 defendants alleging civil rights violations, fraud, and trademark infringement, among other claims. The district court dismissed the complaint for lack of jurisdiction because the claims were

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30461

frivolous. The district court also denied leave to amend the complaint. We AFFIRM.

Plaintiff is a lawyer and self-styled "Trust Protector" of the Atakapa Indian de Creole Nation. In 2018, he filed a lawsuit in the United States District Court for the Western District of Louisiana. The district court dismissed that lawsuit on the basis of sovereign immunity. We affirmed the dismissal but did so on the basis that the district court lacked jurisdiction because the claims were frivolous. *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019).

As the magistrate judge explained when recommending dismissal of this lawsuit, Plaintiff's claims here are similar to those he alleged in 2018. Plaintiff invokes myriad federal laws and treaties yet makes no coherent argument as to why he is entitled to relief under any of them. The defendants include corporations and local, national and international leaders, among others, but Plaintiff does not explain their connection to the allegations. For the reasons we explained in *Atakapa Indian de Creole Nation*, we hold that the district court properly dismissed this lawsuit for lack of jurisdiction because the claims were frivolous. *See id.*

The district court also denied leave to amend the complaint. Although the district court did not explain its reasons, we can affirm that denial "if the futility of amendment is readily apparent and the record reflects ample and obvious grounds for denying leave to amend." *Heinze v. Tesco Corp.*, 971 F.3d 475, 485 (5th Cir. 2020). We hold that the futility of any amendment here was readily apparent and justified by the record.

We AFFIRM.