# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2021

Lyle W. Cayce
Clerk

No. 20-30789
Summary Calendar

Michael Colbert,

*Plaintiff—Appellant*,

*versus*

Murphy Paul, Baton Rouge Police Chief in his individual and official capacity; Sharon Weston Broome, Mayor; Kyle Keller, Baton Rouge Police Officer; Reggie Garner, Baton Rouge Police Officer,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-1

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Plaintiff Michael Colbert appeals the district court's order denying his motion to file a second amended complaint. Colbert argues that opposing

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30789

counsel consented to the amendment and that the district court consequently should have allowed the amendment under Federal Rule of Civil Procedure 15. Because we lack jurisdiction over this appeal, we DISMISS.

Colbert filed a complaint and an amended complaint against the mayor, police chief, and two police officers of the City of Baton Rouge ("Defendants"), alleging false arrest, malicious prosecution, and failure to properly train. He contended that on January 1, 2018, he was wrongly arrested for illegally discharging a firearm and wrongly charged with resisting arrest. Colbert sought compensatory and punitive damages, as well as attorneys' fees and costs, pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and Louisiana law.

Defendants filed a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim. They argued that they were entitled to qualified immunity as to Colbert's individual capacity claims and that Colbert's allegations did not support municipal or supervisory liability. Colbert filed an opposition. He also filed a motion for leave to file a second amended complaint. Noting that Colbert's motion for leave to file a second amended complaint was pending before the magistrate judge, the district court denied Defendants' motion to dismiss without prejudice to re-urging it, if warranted, after the magistrate judge ruled on Colbert's motion.

In his proposed second amended complaint, Colbert sought to add a plethora of new defendants and new claims. He proposed to add as defendants various world leaders, such as the President of the United States, the Prime Ministers of Canada, the United Kingdom, and Libya, the Presidents of France, China, Egypt, Liberia, and the Chancellor of Germany,

No. 20-30789

and various international banks and multinational companies.[1] Furthermore, Colbert sought to transform his action into a class action, "seeking damages for international infliction of distress, human rights violations for trafficking in slavery, breach of fiduciary duties, and Anti-Trust Violations." He also sought, inter alia, "compensation for the inverse condemnation of the [plaintiffs'] immovable property and repayment of royalties received by the State and federal Government for oil, gas, and mineral activities that have taken place on the property or in the waters."

The magistrate judge noted that the claims asserted in Colbert's proposed second amended complaint did not arise from the same transaction or occurrence that provided the basis for the claims in Colbert's initial and amended complaints, that the claims would radically alter the scope and nature of the case, and that this Court had previously determined in another appeal brought by Colbert's counsel that the identical proposed claims were frivolous. The magistrate judge, therefore, denied Colbert leave to file his proposed second amended complaint.

Colbert requested the district court to review the magistrate judge's decision, reverse it, and set a hearing date for a class action certification. The district court denied Colbert's request. Colbert subsequently filed a notice of appeal.[2] Shortly thereafter, the district court was notified that Colbert and

---

[1] Colbert filed numerous summonses with the district court, listing the new defendants he sought to add, but the summonses were neither executed nor served. Thus, the proposed new defendants were never notified of Colbert's second amended complaint against them.

[2] The denial of Colbert's motion to amend is an interlocutory order, which was not appealable until the district court issued a final judgment. *See* 28 U.S.C. § 1291 (courts of appeals "have jurisdiction of appeals from all final decisions of the district courts"). Although Colbert filed his notice of appeal prior to entry of any judgment, under Federal Rule of Appellate Procedure 4(a)(2), the notice is "treated as filed on the date of and after the entry" of the judgment.

No. 20-30789

Defendants had reached a settlement. The district court entered a 60-day order of dismissal and then later entered a judgment, dismissing Colbert's claims against Defendants "with prejudice" and further ordering the matter "dismissed in its entirety."

On appeal, Colbert asserts that he should have been allowed to file his proposed second amended complaint because counsel for Defendants consented to the amendment. Colbert, as the appellant, first has the burden of establishing this Court's appellate jurisdiction.[3] The order Colbert seeks to appeal is the denial of a motion for leave to file a second amended complaint adding numerous new defendants and new claims. Subsequent to that ruling, however, Colbert settled his claims with Defendants, and the district court entered a judgment of dismissal.

As this Court has noted, "[e]ssential to the concept of a controversy, under Article III, is an ongoing adversarial posture between the parties before the court."[4] Defendants have filed a letter with this Court stating that they are not filing a brief in this appeal, unless requested to do so. The letter highlights that Colbert settled his claims against Defendants. Consequently, Colbert and Defendants, are no longer in an adversarial position, rendering the appeal between them moot.[5]

Furthermore, because the district court denied Colbert leave to file the second amended complaint, the new defendants Colbert sought to add were never made parties to the action, and they did not otherwise make any

---

[3] *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010).

[4] *Talbott Big Foot, Inc. v. Boudreaux (In re Talbott Big Foot, Inc.)*, 924 F.2d 85, 87 (5th Cir. 1991) (quoting *Lamonica v. S.L.E., Inc. (In re S.L.E., Inc.)*, 674 F.2d 359, 364 (5th Cir. 1982)).

[5] *Id.* at 87-88 (quoting *In re S.L.E., Inc.*, 674 F.2d at 364).

appearance in this suit. They are not parties to this appeal and have not filed an appellate brief. The only party to this appeal is Colbert. As this Court has noted, "[a]ll models of cases and controversies assume the presence of at least two genuinely adversary parties. . . . Judicial power is not exercised to offer advice to a single party . . . ."[6] Because this appeal presents no case or controversy as required by Article III, we lack jurisdiction and must dismiss this appeal.

Finally, as the magistrate judge rightly noted, Colbert's counsel attempted to assert similar claims as those raised in Colbert's proposed second amended complaint in two other cases this Court reviewed on appeal. Specifically, we held in *Atakapa Indian de Creole Nation v. Louisiana*,[7] that the proposed claims are "wholly without merit," such that the district court lacked jurisdiction over them. Three months ago, we again held that similar claims were frivolous.[8] Because this is the third time counsel for Colbert has appealed claims previously determined to be frivolous by this Court, we warn counsel that if he pursues another appeal to assert these claims, he may be subject to sanctions.

DISMISSED.

---

[6] *In re S.L.E., Inc.*, 674 F.2d at 364 (internal quotation marks and citation omitted).

[7] 943 F.3d 1004 (5th Cir. 2019).

[8] *See Atakapa Indian de Creole Nation v. Edwards*, 838 F. App'x 124 (5th Cir. 2021).