# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2022

Lyle W. Cayce
Clerk

No. 21-30270
Summary Calendar

EDWARD MOSES, JR., *Emperor of the American Empire also known as Christian Emperor D'Orleans*,

*Plaintiff—Appellant*,

*versus*

JOHN BEL EDWARDS, *Louisiana Governor*;
DONALD TRUMP, *U. S. President*; UNITED STATES OF AMERICA,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CV-450

Before SMITH, HIGGINSON, and WILLETT, *Circuit Judges*.
PER CURIAM:[*]

Attorney Edward Moses, Jr., self-proclaimed "Emperor of the American Empire," also known as "Christian Emperor D'Orleans," moves to appeal *in forma pauperis* ("IFP") the dismissal of the removed complaint

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

seeking a writ of *quo warranto* to challenge the right of the President and the Governor to hold their offices. Among various bizarre and frivolous assertions, Moses contends that, as Emperor of the American Empire and protector of the "Tribe of [symbols] Moses," he is entitled to the writ—and the offices—because the elections were invalid and the Government of the United States was dissolved by a coup d'état on January 6, 2021. The district court dismissed the complaint under *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006–07 (5th Cir. 2019), since the claims are frivolous.

Because Moses raises no nonfrivolous issue for appeal, he fails to refute the district court's certification that an appeal is not in good faith, and it is apparent that the appeal is meritless. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). The motion to appeal IFP is DENIED, and the appeal is DISMISSED as frivolous. *See id.*; 5TH CIR. R. 42.2.

In 2019, Moses was sanctioned $2500 by the Western District of Louisiana; he has since been reminded of his obligation as an attorney not to advance frivolous litigation under Federal Rule of Civil Procedure 11 and Louisiana's Rules of Professional Conduct. In light of the apparent ineffectiveness of prior sanctions and warnings, we SANCTION Moses in the amount of $2500. We again remind him of his professional obligations, and we WARN him that filing or prosecuting frivolous litigation will result in additional sanctions.