# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2025

Lyle W. Cayce
Clerk

—————————

No. 24-10150

—————————

Christian N. Davis,

*Petitioner—Appellant*,

*versus*

United States of America,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-1410

_____

Before Jones and Oldham, *Circuit Judges*, and Hendrix, *District Judge*.[*]

James W. Hendrix, *District Judge*:

This appeal stems from the district court's dismissal of a motion for compassionate release. While the Appellant, Christian N. Davis, was in the Army, a general court-martial convicted him of multiple offenses and sentenced him to life imprisonment. As is typical with military courts, the court-martial dissolved after his case. After failing to obtain relief from the

_____

[*] District Judge of the Northern District of Texas, sitting by designation.

sentence imposed through clemency or parole, Davis filed a compassionate-release motion under 18 U.S.C. § 3582 in federal district court. But the relevant statutes, 18 U.S.C. §§ 3551 and 3582, make clear that Section 3582 does not apply to sentences like Davis's that are imposed under the Uniform Code of Military Justice. Moreover, Section 3582 and this Court's case law require motions for compassionate release to be filed in the sentencing court. Given that Section 3582 does not authorize district courts to grant compassionate release to a military convict, the district court dismissed for lack of jurisdiction. We AFFIRM.

I

In 1993, a general court-martial found Davis, an active-duty corporal in the Army, guilty of multiple offenses, including attempted premeditated murder, conspiracy to commit murder, premeditated murder, arson, and adultery. The convictions stemmed from Davis's first, unsuccessful attempt to kill his wife by setting fire to their mobile home and a later, successful attempt to kill his then-pregnant wife by shooting her in the head and trying to mask the murder as a suicide. Davis was dishonorably discharged and sentenced to life with the possibility of parole. In 2000, while incarcerated at the United States Disciplinary Barracks at Fort Leavenworth, Kansas, Davis applied to the Army Prisoner Assignment and Clemency Board for clemency and reenlistment, but the Board denied his application.

At some point, Davis was transferred to a federal civilian prison and given a "presumptive parole date" by the United States Parole Commission. However, the Parole Commission later reopened Davis's parole case to consider new adverse information. Ultimately, the Parole Commission rescinded Davis's presumptive parole date and reinstated his life sentence with the possibility of parole. Davis appealed, but the National Appeals

No. 24-10150

Board denied his appeal.  In 2021, the Parole Commission again denied Davis parole, and the National Appeals Board affirmed.

Having exhausted his administrative remedies, Davis moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and, alternatively, petitioned for habeas relief pursuant to 28 U.S.C. §§ 1651 and 2241 in the district court where he is incarcerated—the Northern District of Texas.  Davis sought compassionate release based on his age and health conditions, his alleged minimum risk of recidivism, and his rehabilitative efforts during incarceration.  Additionally, Davis asserted that he was unjustly denied parole.

The assigned magistrate judge concluded that (1) the district court lacked jurisdiction to consider the compassionate-release motion because such requests must be filed in the sentencing court, and (2) all claims filed pursuant to Sections 1651, 2241, and 3582 failed on the merits.  Over Davis's objections, the district court accepted the magistrate judge's findings and conclusions, dismissed without prejudice Davis's motion for compassionate release for lack of jurisdiction, and denied his remaining objections as moot.  Furthermore, the district court dismissed with prejudice Davis's habeas claims.

Davis appeals only the district court's determination that it lacked jurisdiction to consider his compassionate-release motion.

## II

We review *de novo* the district court's ruling that it lacked subject-matter jurisdiction.  *Rothe Dev., Inc. v. U.S. Dep't of Def.*, 666 F.3d 336, 338 (5th Cir. 2011).  For two reasons, we affirm.  First, the statutory language reveals that Section 3582 relief is unavailable to defendants found guilty under the Uniform Code of Military Justice (UCMJ).  Second, the statute and this Court's case law require Section 3582 motions to be brought in the

3

sentencing court, which did not occur here. Thus, the district court concluded correctly that it lacked jurisdiction.

The Court begins with the statute's plain language. *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) ("As with any question of statutory interpretation, our analysis begins with the plain language of the statute."). And "when the statutory language is plain, we must enforce it according to its terms." *Id.*

Here, Section 3582 addresses the sentencing court's "[i]mposition of a sentence of imprisonment." After detailing the factors a court must consider "in determining whether to impose a term of imprisonment, and . . . the length of that term," the statute specifies when the sentencing court may later modify a term of imprisonment. 18 U.S.C. § 3582(a), (c). The general rule is that "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But there are limited exceptions. Relevant here, "the court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable," if extraordinary and compelling reasons warrant a reduction, and the reduction is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A).

In addition to these limitations on potential sentence reductions, there is a more fundamental constraint: Section 3582 does not apply to all prisoners. Section 3582 is included within Chapter 227 of Title 18, which governs criminal sentencing. Chapter 227's first section addresses "[a]uthorized sentences," and it defines the chapter's scope. 18 U.S.C. § 3551(a). It explains that "[e]xcept as otherwise specifically provided," a defendant who is found guilty of an offense described in any federal statute— "other than . . . the Uniform Code of Military Justice"—shall be sentenced in accordance with Chapter 227. 18 U.S.C. § 3551(a). The plain text of

Section 3582 does not specifically provide that it is applicable to UCMJ defendants. Thus, Section 3551 excludes UCMJ defendants from Section 3582's reach.

At least one military court has reached this conclusion. *See In re Brown*, No. 2023-07, 2024 WL 910329, at 6–7 (A.F. Ct. Crim. App. Feb. 29, 2024). The court explained that the plain language of Chapter 227 "categorically excludes offenses punishable under the UCMJ from the sentencing rules applicable to federal district courts." *Id.* at 6.[1]

These statutory provisions doomed Davis's motion from the start. A general court-martial found him guilty of various offenses under the UCMJ and imposed a life sentence. He sought relief through the military's clemency board and from the Parole Commission, but his attempts consistently failed. He now seeks to reduce that otherwise-final sentence by leveraging Section 3582. But Section 3551 specifically excludes UCMJ convictions from Chapter 227, so Section 3582 does not authorize federal district courts to modify UCMJ sentences. Thus, the district court concluded properly that it lacked jurisdiction to consider Davis's motion.

Moreover, Section 3582's language makes clear that it is the sentencing court that must determine whether the limited exceptions are present to justify a sentence modification. After all, the "court" referenced in the statute is the court that "determine[ed] whether to impose"

---

[1] Prior to *Brown*, the Air Force Court of Criminal Appeals stated that a federal district court was the "proper venue" for a UCMJ defendant's compassionate-release motion. *In re Kawai*, No. 2022-02, 2022 WL 1668374 at 3 (A.F. Ct. Crim. App. May 25, 2022). Davis relies on this statement to support his argument. However, in *Brown*, the court "revisited the clear statutory language in 18 U.S.C. § 3582(c)(1)" and federal court opinions, including this Court's decision in *Landazuri v. Hall*, 423 F. App'x 475 (5th Cir. 2011), and it concluded that Section 3582 vests jurisdiction over compassionate-release petitions in the sentencing court. *See Brown*, 2024 WL 910329, at 8 n.17.

imprisonment and, if so, "determine[ed] the length of the term." 18 U.S.C. § 3582(a). And resolution of a motion to modify a sentence requires the court to consider the Section 3553(a) factors, which include the "nature of circumstances of the offense" and the "history and characteristics of the defendant." 18 U.S.C. § 3582(c)(1)(A). Consideration of these highly individualized sentencing factors requires familiarity with the case and access to its prior sentencing materials.

Given this statutory language, it is unsurprising that this Court's precedent requires defendants seeking a Section 3582 sentencing reduction to file "in the same docket that contains the prisoner's final judgment." *United States v. Shkambi*, 993 F.3d 388, 390 (5th Cir. 2021). And when defendants have sought sentencing reductions under Section 3582 from courts other than the sentencing court, this Court has affirmed the district court's dismissal for lack of jurisdiction. *Landazuri*, 423 F. App'x at 476 ("Because Landazuri did not file this challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it."); *see also Arellano v. Withers*, No. 22-60525, 2023 WL 4311621, at 1 (5th Cir. July 3, 2023) (unpublished).

We reach the same result in this case. A general court-martial sentenced Davis, but he moved for Section 3582 relief in the district court where he is currently imprisoned—the Northern District of Texas. Unquestionably, his motion was not filed in "the same docket that contains the prisoner's final judgment." *Shkambi*, 993 F.3d at 390. The Northern District of Texas was not the sentencing court. Thus, as in *Landazuri*, the district court concluded properly that it lacked jurisdiction to consider the motion.

Davis argues that 10 U.S.C. § 858(a) and *Bates v. Wilkinson*, 267 F.2d 779 (5th Cir. 1959), allow a district court to hear a compassionate-release

motion of a prisoner sentenced by a court-martial but incarcerated in a federal prison located within the court's district, especially because the court-martial that imposed the sentence dissolves after the sentencing. But neither Section 858(a) nor *Bates* authorizes civilian courts to modify military sentences.

Section 858(a) is a UCMJ sentencing provision stating that "a sentence of confinement adjudged by a court-martial or other military tribunal . . . may be carried into execution by confinement in any place of confinement under the control of any of the armed forces or in any penal or correctional institution under the control of the United States." 10 U.S.C. § 858(a). The statute provides further that prisoners held in non-military institutions "are subject to the same discipline and treatment as persons confined or committed by the courts of the United States." 10 U.S.C. § 858(a). But the authorization of civilian discipline and treatment for military prisoners focuses on how the "sentence of confinement" may be "carried into execution." 10 U.S.C. § 858(a). It does not authorize civilian courts to modify military sentences. To the contrary, by distinguishing between "a sentence of confinement adjudged by a court-martial" and "persons confined or committed by the courts of the United States," the statute recognizes the reality that military and civilian courts are distinct sources of sentencing. That both categories of prisoners may be treated and disciplined in the same manner post-sentencing does nothing to further Davis's argument.

Davis's reliance on *Bates* fares no better. There, this Court held that a military prisoner paroled from a civilian prison on conditional release did not suffer unconstitutional discrimination even if military prisoners could receive unconditional releases. 267 F.2d at 780–81. In reaching that conclusion, this Court explained that when military prisoners are confined in federal institutions, they "are subject to all laws pertaining to federal prisoners to the same extent as though the conviction had been by civil court,

7

even though the system of parole and the computation of credits for 'good conduct time' are harsher or different for prisoners confined in disciplinary barracks." *Id.* at 780.  Like Section 858, *Bates* is about how a civilian prison may execute a sentence imposed by a military tribunal.  Nothing in *Bates*, either expressly or impliedly, empowers a civilian court to modify the underlying military sentence.  And even if its language could somehow be read to support Davis's contention, Congress passed Section 3551 years after *Bates*.  And that statute specifically excludes UCMJ sentences from Section 3582's authorization to modify civilian sentences.

*     *     *

In sum, the plain language of Sections 3551 and 3582, along with this Court's case law, undermine Davis's argument.  When Congress empowered district courts to modify previously imposed sentences, it chose to exclude military sentences from that possibility.  Moreover, Congress specified that any modification must be done by the sentencing court.  By asking the district court to modify a military sentence that it did not impose, Davis's argument ran afoul of both principles.  Thus, the district court concluded properly that it lacked jurisdiction.  We AFFIRM the district court's judgment.