UNITED STATES, Appellee

v

THOMAS R. BAKER, Private, U. S. Army, Appellant

14 USCMA 311, 34 CMR 91

No. 16,875

December 20, 1963

*Captain Robert E. Shepherd, Jr.,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk, Lieutenant Colonel Ralph Herrod,* and *Captain Charles W. Schiesser.*

*Lieutenant Colonel Francis M. Cooper* argued the cause for Appellee, United States. With him on the brief were *Colonel Bruce C. Babbitt* and *Captain Otis D. Chapoton.*

QUINN, Chief Judge:

Appellant was convicted of a number of offenses in violation of the Uniform Code of Military Justice, including larceny from the post exchange, and theft from the mails. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for two years and nine months. At the time of the offenses and at trial, the accused was seventeen years of age. The question on this appeal is whether military jurisdiction over the accused as a member of the armed forces was lost because as a seventeen-year-old he could only be proceeded against as a juvenile delinquent under the provisions of the Federal Juvenile Delinquency Act, 18 USC §§ 5031–5036.

Service in the armed forces is not just a job with the Federal Government; it represents a change of status from civilian to serviceman. United States v Klunk, 3 USCMA 92, 11 CMR 92; United States v Williams, 302 US 46, 82 L ed 39, 58 S Ct 81 (1937). One of the most important consequences of the change is in the area of criminal liability. Civilians are subject only to the general penal code, whereas service personnel are subject also to the Uniform Code of Military Justice. See McElroy v United States, 361 US 281, 4 L ed 2d 282, 80 S Ct 305 (1960); Burns v Wilson, 346 US 137, 97 L ed 1508, 73 S Ct 1045 (1953). Wilful disobedience of the order of a superior might lose a civilian his job, but in the military the offender is subject to a dishonorable discharge and confinement at hard labor for five years. In time of war the penalty can be death. Article 90 of the Uniform Code, 10 USC § 890; Manual for Courts-Martial, United States, 1951, Table of Maximum Punishments, paragraph 127c, at page 220. Special and, in some instances, higher standards of conduct are required to insure a disciplined, law-abiding, responsible, and responsive military establishment. The mission of the military allows no special classification for minors. Everyone is expected to act with the judgment and moral sense of a mature person. The Uniform Code carries that general expectation into the criminal law. It does not differentiate between accused on the basis of age.

All persons on active duty in the armed forces are subject to the Uniform Code. Article 2(1), 10 USC § 802. And, all subject to the Uniform Code can be tried by court-martial for a violation of its punitive Articles. There is no provision which requires a different procedure for persons under a specified age. Congress has authorized the enlistment of persons seventeen years of age. See United States v Overton, 9 USCMA 684, 26 CMR 464. So far as the laws directly and specifically applicable to the military establishment are concerned, therefore, a seventeen-year-old person who commits an offense can be proceeded against in precisely the same way as an adult, except that he might be accorded some special consideration as to the sentence. Certainly, this has been the uniform practice in the military criminal law. United States v Scott, 11 USCMA 655, 29 CMR 471. The accused, however, would read into military law and practice the provisions of the Federal Juvenile Delinquency Act. At least one Federal district court and several service boards of review have rejected the applicability of this Act to the military system. Temple v Heritage, Civil Action No. 8049, The District Court for the Northern District of Georgia, February 18, 1963; United States v Nelson, 2 CMR (AF) 841; United States v Thieman, CM 409554, decided July 26, 1963.

The Federal Juvenile Delinquency Act defines a juvenile as a person who has not attained his eighteenth birthday. 18 USC § 5031. The person under eighteen who has violated a law of the United States must be proceeded against as a juvenile delinquent "if he consents to such procedure [and consents to a waiver of a jury trial], unless the Attorney General, in his discretion, has expressly directed otherwise." The proceeding is "by information," rather than by indictment as provided in the United States Constitution, and is conducted in the Federal

district court. *Id.,* § 5032. An adjudication in the proceeding is a determination "of a status rather than the conviction of a crime." *Id.,* § 5033, Reviser's Note. The juvenile may be committed to the custody of the Attorney General or placed on probation for "a period not exceeding his minority." The Attorney General may designate any public or private agency or foster home for "the custody, care, subsistence, education, and training of the juvenile" for the term of his commitment. *Id.,* § 5034.

The plan and language of the Act indicate clearly it is limited to proceedings in the regular Federal courts. The provisions for proceeding by information in lieu of indictment and for waiver of trial by jury are meaningless as to military accused, inasmuch as these safeguards do not apply to cases "arising in the land or naval forces." Amendment V, United States Constitution. The provision for reporting to the Attorney General the juvenile's arrest; the requirement that the juvenile be brought before a committing magistrate; and the direction that he be proceeded against in a Federal district court "having cognizance of the alleged violation" is impractical, perhaps even impossible, in the case of an accused stationed with the American forces in a foreign country. 18 USC § 5033.

In 1957, the Senate Committee on the Judiciary considered some aspects of the juvenile delinquency problem in the Federal sphere. At the time, the Federal Juvenile Delinquency Act had been in effect for almost twenty years. In its Report, the Senate Committee referred to the "established" differentiation in the American states between adult offenders and juvenile delinquents. It recognized that the differentiation did not exist in the armed forces; but that the services considered all offenders "in terms of criminals of different ages rather than in terms of two distinct categories of human material." Senate Report No. 130, page 21, 85th Congress, 1st Session. The Report implies some mild criticism of the military practice for "lagging" behind civilian developments, but significantly the Committee made no recommendations to incorporate the civilian differentiation into military law.

This Court has, as appellate defense counsel point out, indicated that "Federal practice should be followed in the military unless it is contrary to, or incompatible with, military law." United States v Jacks, 8 USCMA 574, 576, 25 CMR 78. But, conformity of practice is not duplication of practice. In its wisdom Congress has seen fit to treat minors in the military service as adults. Before accepting them for service it has required the armed forces to subject them to examinations to weed out the physically, psychologically, and intellectually weak. Once accepted for service, Congress expected the seventeen-year-old to perform the man-sized job of guarding the national security. In legislating for the government of the armed forces, Congress and, we are sure, the people of the United States as well, did not regard persons serving in the armed forces as children who needed help and guidance. We have no inclination to detract from the salutary purposes of juvenile proceedings, but Congress did not provide such proceedings for military persons. The Uniform Code and court-martial procedure apply to all persons in the armed forces, regardless of age. We hold, therefore, that the Federal Juvenile Delinquency Act, by its express terms and its purpose, is inapplicable to the military establishment, and does not deprive a court-martial of jurisdiction over a minor offender for a violation of the Uniform Code of Military Justice.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.