UNITED STATES, Appellee,

v.

Private (E–1) John R. WEST, SSN 409–19–7957, United States Army, Appellant.

CM 437301.

U. S. Army Court of Military Review.

29 March 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major D. David Hostler, JAGC, and Captain William B. Ramsey, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Glen D. Lause, JAGC, were on the pleadings for appellee.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

Charged with several violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976), by possessing, selling, and transferring cocaine, the appellant pleaded guilty to two specifications alleging the wrongful sale of cocaine. The remaining specifications were dismissed pursuant to his plea bargain with the convening authority.

Before entering his plea, appellant moved to dismiss all charges on the basis that the court-martial lacked jurisdiction because there had been no compliance with the "Federal Youth Corrections Act," as counsel called it, which was cited as "18 U.S.C., Section 5031." The trial defense counsel's oral argument and supporting brief (Appellate Exhibit II) make it abundantly clear

that he was referring instead to the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031–5042 (1976).[1] The relevant portion of the Federal Juvenile Delinquency Act begins as follows:

> A juvenile alleged to have committed an act of juvenile delinquency shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to an appropriate district court of the United States . . . [that State courts lack or refuse to exercise jurisdiction, or have no appropriate programs for juveniles].

18 U.S.C. § 5032 (1976). The appellant, not having reached his eighteenth birthday at the time of his trial, clearly was a juvenile as that term is used in the quoted statute. 18 U.S.C. § 5031 (1976).

Few aspects of military law have been clearer than that the Federal Juvenile Delinquency Act has no application to proceedings under the Uniform Code of Military Justice.[2] *See, e. g., United States v. Baker,* 14 U.S.C.M.A. 311, 34 C.M.R. 91 (1963); *United States v. Russell,* 33 C.M.R. 893 (AFBR 1963); *United States v. Pitts,* 33 C.M.R. 589 (ABR 1963), aff'd, 14 U.S.C.M.A. 327, 34 C.M.R. 107 (1963); *United States v. Thieman,* 33 C.M.R. 560 (ABR 1963), aff'd, 14 U.S.C.M.A. 326, 34 C.M.R. 106 (1963).[3] The trial judge correctly denied the motion to dismiss.

On appeal, appellant's contention is that counsel really meant to rely on the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026 (1976)—which is the name he erroneously gave to the Juvenile Delinquency Act—and that the trial judge erred to appellant's substantial prejudice by failing to

1. The Federal Juvenile Delinquency Act was first enacted by the Act of 16 June 1938, ch. 486, 52 Stat. 765 (1938). Its evident purpose was to encourage delivery of youthful offenders to the States for juvenile proceedings in the State courts, but, to authorize, when State proceedings were impractical, the Federal district courts to conduct juvenile proceedings.

2. The Uniform Code of Military Justice includes specific provisions for the delivery of offenders to civilian authorities, including State

authorities. Art. 14, UCMJ, 10 U.S.C. § 814 (1976). If the Congress ever intended the Federal Juvenile Delinquency Act to apply to the armed forces, it has had ample opportunity to so provide. *See, e. g.,* title V, Juvenile Justice and Delinquency Prevention Act of 1974, Pub.L. 93–415, 88 Stat. 1109, 1133 (1974).

3. For reasons not at all clear, counsel offered the court below no citations of authority for their respective contentions.

consider that statute as being applicable for sentencing purposes.[4]

In attempting to recast the trial defense counsel's motion to dismiss charges under the Juvenile Delinquency Act as, instead, a motion for appropriate sentencing relief under the Youth Corrections Act, the appellant's argument makes up in novelty what it lacks in logic. Let there be no mistake: the applicability of the Federal Youth Corrections Act was not raised below and is being raised in this case for the first time on appeal. We nevertheless will consider the issue. *Cf. United States v. Thieman, supra.*

■ Unlike the Uniform Code of Military Justice, the Federal Youth Corrections Act does not apply outside the United States. 18 U.S.C. § 5024 (1976). Another of its major provisions permits the "court" (*i. e.,* trial judge) to "suspend the imposition or execution of sentence and place the youth offender on probation." 18 U.S.C. § 5010(a) (1976). *But see, United State v. Occhi,* 2 M.J. 60 (C.M.A.1976). After classification by the Director of the Bureau of Prisons, youthful offenders not conditionally released may undergo treatment in such institutions as training schools, hospitals, farms, and "forestry and other camps" (presumably not meaning military camps). 18 U.S.C. §§ 5010–5014 (1976). Such provisions scarcely are compatible with continued active military status, yet neither punitive nor administrative discharges are mandatory under military law. *Cf.* U.S. Dept. of Army, Army Regulation 635–200, *Personnel Separations; Enlisted Personnel,* ch. 14, sec. III (21 Nov. 1977). We see no need to belabor the point. All of the reasons mentioned in *United States v. Baker, supra,* and the related precedents previously cited, concerning inapplicability of the Federal Juvenile Delinquency Act to proceedings under the Uniform Code of Military Justice apply with equal logic to the question of the applicability of the Federal Youth Corrections Act. We therefore hold that the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026 (1976), does not apply to proceedings under the Uniform Code of Military Justice.[5] *Accord, United States v. Castro,* 28 C.M.R. 760, 764–65 (AFBR 1959).

The appellant's remaining assignment of error is answered by our decision in *United States v. Surry,* 6 M.J. 800 (A.C.M.R.1978).

The findings of guilty and the sentence are affirmed.

Judge TALIAFERRO and Judge WATKINS concur.

---

**4.** The purpose of the Federal Youth Corrections Act, as described by its framers, is as follows:

> The proposed legislation is designed to make available for the discretionary use of the Federal judges a system for the sentencing and treatment of persons under the age of 22 years who have been convicted of crime in the United States courts that will promote the rehabilitation of those who in the opinion of the sentencing judge show promise of becoming useful citizens, and so will avoid the degenerative and needless transformation of many of these young persons into habitual criminals. It proposes to do this by reorganizing and enlarging the existing Board of Parole and establishing within it a Youth Correction Division which, in coordination with the Bureau of Prisons . . . will be empowered to provide for the youthful offenders committed to it by the courts a system of analysis, treatment, and release that will cure rather than accentuate the anti-social tendencies that have led to the commission of crime.

> H.R.Rep. No. 2979, 81st Cong., 1st Sess. (1950), *reprinted in* [1950] U.S.Code Cong. Service, p. 3983.

**5.** The appellant has moved that we take judicial notice of particular data available in the office of the clerk of this Court concerning the relative number of youthful offenders among the persons tried by Army courts. In view of our holding, we deny the motion.