# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**Misc. Dkt. No. 2023-07**

————————————

**In re Captain Leon A. BROWN IV**
*Petitioner*

————————————

Petition for Extraordinary Relief in the Nature of a Compassionate
Release Pursuant to 18 U.S.C. § 3582

Decided 29 February 2024

————————————

*Military Judge:* Natalie D. Richardson.

*Approved sentence*: Dismissal, confinement for 24 years and 9 months,
and forfeiture of all pay and allowances. Sentence adjudged 9 December
2014 by GCM convened at Minot Air Force Base, North Dakota.

*For Petitioner*: None.

Before ANNEXSTAD, KEARLEY, and WARREN, *Appellate Military
Judges*.

Judge WARREN delivered the opinion of the court, in which Senior
Judge ANNEXSTAD and Judge KEARLEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as
precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

WARREN, Judge:

Petitioner (proceeding *pro se*) invokes 18 U.S.C. § 3582 and seeks in effect,
clemency, in the form of a sentence reduction of his affirmed court-martial sen-
tence from the military judge who imposed his sentence at trial. Petitioner's
case was previously rendered *final* within the meaning of Article 76, Uniform
Code of Military Justice (UCMJ), 10 U.S.C. § 876, by the approval of his sen-
tence following the completion of appellate review. Thus, Petitioner seeks relief
from both a judge and a court ineligible to grant it—as he requests *ultra vires*
action from a military judge whose authority as trial judge to act has long since

expired with the completion of trial, and a court whose authority to grant extraordinary writs is circumscribed by the prior completion of direct appellate review. Accordingly, after careful consideration, and for the reasons cited below, Petitioner's request for compassionate release, filed pursuant to 18 U.S.C. § 3582, is denied for lack of jurisdiction.

## I. BACKGROUND

### A. Court-Martial Conviction and Appellate Review

Petitioner seeks sentencing relief from his sentence to confinement imposed as a consequence of his 9 December 2014 court-martial conviction. At his general court-martial, a military judge sitting alone convicted Petitioner for violations of Articles 92, 112a, 120b, 133, and 134, UCMJ, 10 U.S.C. §§ 892, 912a, 920b, 933, 934,[1] for misconduct ranging from June 2012 to January 2014. During this timeframe, Petitioner, then a captain in the United States Air Force, formed a "Crips" gang in Minot, North Dakota, and engaged in a multitude of associated violent misconduct, including: sexual assault of children (engaging sexual intercourse with multiple girls who were under the age of 16), distributing drugs and alcohol to minors, operating a prostitution ring, and threatening to harm people who testified against him. Appellant was sentenced to 25 years of confinement, forfeiture of all pay and allowances, and a dismissal from the United States Air Force.

On initial appeal under Article 66, UCMJ, 10 U.S.C. § 866, this court affirmed all of Petitioner's convictions, save one, and affirmed 24 years and 9 months of his adjudged confinement. *United States v. Brown*, No. ACM 38864, 2017 CCA LEXIS 454, at *74 (A.F. Ct. Crim. App. 6 Jul. 2017) (unpub. op.).[2] In so doing, this court reviewed all the evidence in Petitioner's case, including his multiple jail recordings captured during Petitioner's pretrial confinement wherein he talked with other imprisoned Air Force personnel about his having sex with the underaged girls concerned and distributing drugs. *Id.* at *8–16.

Appellant then petitioned the United States Court of Appeals for the Armed Forces (CAAF) for a new trial. The CAAF remanded the case to this court for consideration of Appellant's 2017 petition for a new trial. *United States v. Brown*, 77 M.J. 197 (C.A.A.F. 2018) (mem.). This court duly

---

[1] Reference to the punitive articles in this opinion are to the *Manual for Courts-Martial, United States* (2012 ed.) (2012 *MCM*).

[2] This court granted Petitioner partial relief during that prior appeal, holding that his Article 134, UCMJ, conviction for *Unlawful Entry* was legally and factually insufficient, and dismissing that specification. *Brown,* unpub. op. at *32–33. The court also provided Petitioner with one additional week of confinement credit for a violation of Article 13, UCMJ, 10 U.S.C. § 813. *Id.* at *68–69.

considered and denied that petition, concluding that Petitioner's "new evidence"—essentially a post-trial declaration from a non-testifying witness to the North Dakota underage sex events, whose "new" information was already extant and available at the time of trial—was insufficient to warrant relief. *Brown v. United States,* Misc. Dkt. No. 2017-10, 2018 CCA LEXIS 275 (A.F. Ct. Crim. App. 23 May 2018) (unpub. op.). The CAAF then denied Petitioner's petition for review. *United States v. Brown*, 78 M.J. 162 (C.A.A.F. 2018). Following denial of the CAAF petition, a final court-martial order completing direct appellate review in Petitioner's case was issued on 16 January 2019, affirming both his dismissal from the service and 24 years and 9 months of his adjudged confinement, rendering the case "final" for purposes of Article 76, UCMJ.

**B. Petitioner's Federal Action for Habeas Corpus (28 U.S.C. § 2241)**

Petitioner is currently serving his approved confinement at the Federal Penitentiary in Lompoc, California. His current petition follows on the heels of his unsuccessful collateral attack upon his conviction through a writ of habeas corpus petition pursuant to 28 U.S.C. § 2241 before the United States District Court for the Central District of California. *See Brown v. United States,* 2021 U.S. Dist. LEXIS 122631, at *28 (C.D. Cal. 29 Jun. 2021) (holding "the Court easily concludes that Petitioner received full and fair review on direct appeal of the constitutional sufficiency of the evidence supporting these convictions") (citations omitted)); *aff'd,* 2022 U.S. App. LEXIS 26265 (9th Cir., 20 Sep. 2022); *cert. denied,* 2023 U.S. LEXIS 2211 (30 May 2023).

**C. Petition for Compassionate Release (18 U.S.C. § 3582)**

With direct review complete and his prior habeas corpus petition denied, Petitioner now seeks relief under 18 U.S.C. § 3582 from his approved sentence, and *personally* addresses his petition to Colonel Richardson, now a senior judge on this court, as she was the original *trial judge* who presided over his judge-alone general court-martial. This court received, by mail, Petitioner's filing on 16 August 2023, and docketed his petition on 18 August 2023. The court did not order a brief by the Government. Petitioner requests the following in his prayer for relief: (1) "To resentence [Petitioner] to time served or ten years; or (2) A recommendation for clemency or parole; or (3) Appoint [Petitioner] a military defense attorney and certify any questions from this motion to the [CAAF]." Petitioner argues that he has established "extraordinary and

compelling reasons that warrant relief," in what Petitioner styles as: (1) "new mitigating evidence"[3] and (2) his rehabilitative efforts while in confinement.

## II. DISCUSSION

The questions of law before the court are these:

(1) Whether 18 U.S.C. § 3582 applies to courts-martial; and,

(2) Whether the All Writs Act, 28 U.S.C. § 1651, expands the jurisdictional reach of trial courts-martial, or this court, to grant clemency requested pursuant to 18 U.S.C. § 3582.

In answering these questions, we consider: (1) the applicability (or lack thereof) of federal sentencing rules codified in 18 U.S.C. §§ 3551–3599 to courts-martial in the first instance; (2) the nature of 18 U.S.C. § 3582 as a "clemency statute" overseen by the federal trial judiciary; (3) the limited scope of authority for detailed military judges co-extensive only to cases in which they are detailed; and (4) the limited jurisdiction of this court under the All Writs Act for extraordinary writs filed after a case has become final under Article 71, UCMJ, 10 U.S.C. § 871, and Article 76, UCMJ. We address each of these areas in turn.

### A. Law

#### 1. Scope of Jurisdiction and Standard of Review

"The burden to establish jurisdiction rests with the party invoking the court's jurisdiction." *United States v. LaBella*, 75 M.J. 52, 53 (C.A.A.F. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In making this determination, our superior court "read[s] the statutes governing our jurisdiction as an integrated whole, with the purpose of carrying out the intent of Congress in enacting them." *United States v. Lopez de Victoria*, 66 M.J. 67, 69 (C.A.A.F. 2008) (citations omitted). "Like all federal courts, we 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *M.W. v. United States*, 83 M.J. 361, 363 (C.A.A.F. 2023) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

Military appellate courts are "courts of limited jurisdiction, defined entirely by statute." *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015) (citing *United States v. Politte*, 63 M.J. 24, 25 (C.A.A.F. 2006)); *see also Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999) (holding the CAAF exceeded its statutory

---

[3] It appears Petitioner's "new mitigating evidence" consists of the same four affidavits he attached to his prior unsuccessful petition for new trial. *See Brown v. United States,* Misc. Dkt. No. 2017-10, 2018 CCA LEXIS 275, at *3–5 (A.F. Ct. Crim. App. 23 May 2018) (unpub. op.).

jurisdiction and the All Writs Act did not authorize the CAAF to grant Appellant an injunction against a pending action by the Secretary of the Air Force to drop him from the rolls of the Air Force). Our primary statute providing our subject-matter jurisdiction for post-trial appeals from a court-martial conviction is Article 66, UCMJ, which, pertinent to this petition, provides an expansive scope of "sentence appropriateness review" *on appeal*. *See* Article 66(d)(1)(A), UCMJ (authorizing military Courts of Criminal Appeals (CCAs) to "affirm only . . . the sentence, or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved"). However, that exercise of sentence appropriateness review is distinct from and does not empower military CCAs to engage in acts of "clemency" to effect requested sentencing relief by an appellant. *See United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988) ("Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. Clemency [on the other hand,] involves bestowing mercy—treating an accused with less rigor than he deserves."); *United States v. Boone*, 49 M.J. 187, 192 (C.A.A.F. 1998) (holding Article 66, UCMJ, empowers the CCAs to "do justice," with reference to some legal standard, but does not grant the CCAs the ability to grant mercy).[4]

While we have no explicit statutory authority under Article 66, UCMJ, to review writs and petitions filed on collateral appeal of a previously finalized case, "[t]he All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton*, 526 U.S. at 534)). "However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction." *Id.* (citing *Clinton*, 526 U.S. at 534–35); *see also Sutton v. United States*, 78 M.J. 537, 541 (A.F. Ct. Crim. App. 2018) (holding no jurisdiction to issue extraordinary writs of prohibition or mandamus requested after direct appeal was complete under Article

---

[4] The CAAF has regularly applied the *Healy* doctrine and on occasion has remanded cases where the service CCAs exceeded their authority and strayed into *de facto* acts of clemency in exercising their Article 66, UCMJ, powers. *See*, *e.g.*, *United States v. Hutchison*, 57 M.J. 231, 234 (C.A.A.F. 2002) (overruling the United States Coast Guard Court of Criminal Appeals' reduction of a sentence where that court erroneously sought to lessen the lawful sentence of the court-martial to minimize the impact of a state court sentence of the appellant on the same underlying charges); *United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010) (overruling this court's dismissal of a legally and factually sufficient finding for possession of child pornography by a then-19-year-old appellant of his then-17-year-old girlfriend based upon this court essentially exercising raw powers of equity in reasoning that it was "not the sort of conduct which warrants criminal prosecution").

71, UCMJ, and the case was final under Article 76, UCMJ, because: "[i]n the simplest terms, there is no one to order to take or not take an action after a case is final under Article 76, UCMJ, . . .").

### 2. Title 18, United States Code

Part II of Title 18, United States Code, codifies criminal procedure applicable to specified courts established by Congress, primarily to United States district courts, the United States courts of appeals, and the United States Supreme Court. *See* 18 U.S.C. § 3001 (citing to Federal Rules of Criminal Procedure to define, *inter alia*, the scope of the codified criminal procedure statutes; purpose and construction of rules; proceedings to which the rules apply; and the courts to which they apply).[5] The Federal Rules of Criminal Procedure (Rules) make no mention of courts-martial, military CCAs, or the CAAF. Instead, the Rules and their associated statutory cross references, explicitly refer only to civilian courts.[6]

Similarly, the sentencing procedures codified in Chapter 227 of Part II of Title 18, United States Code, apply only to those courts sentencing under those Rules, *i.e.*, federal district courts. *Cf.* 18 U.S.C. § 3557 (citing 18 U.S.C. § 3742) (reciting "[a] defendant may file a notice of appeal in the *district court* for review of any otherwise final sentence" (emphasis added)). More pointedly, 18 U.S.C. § 3551, *Authorized sentences*, explicitly excludes courts-martial from Chapter 227 sentencing rules, stating:

> [A] defendant who has been found guilty of an offense described in any Federal statute . . . other than an Act of Congress applicable exclusively in the District of Columbia or the Uniform Code of Military Justice . . . shall be sentenced in accordance with the provisions of [Chapter 227] . . . .

---

[5] *See also* FED. R. CRIM. P. 1(a) ("These [R]ules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States.").

[6] Likewise, in defining the term "judge," the Rules make no reference to military judges. *See* FED. R. CRIM. P. 1(b)(3) (citing 28 U.S.C. § 451) ("'*Federal judge*' means . . . a justice or judge of the United States as these terms are defined in 28 U.S.C. § 451."). Our superior court has affirmatively interpreted 28 U.S.C. § 451's definition of judges as excluding military judges. *See United States v. Rachels*, 6 M.J. 232, 234 (C.M.A. 1979) ("As the term 'judge of the United States' is defined in 28 U.S.C. § 451 as 'judges of . . . any court created by Act of Congress, the judges which are entitled to hold office during good behavior,' we conclude the statute is inapplicable to military judges." (Omission in original).); *see also Ackerman v. Novak*, 483 F.3d 647, 652 (10th Cir. 2007) ("In contrast to Article III judges who hold office during good behavior, Article I military judges do not hold office during good behavior.").

18 U.S.C. § 3551(a).

Returning to the statute at direct issue for this petition, 18 U.S.C. § 3582(c) provides in relevant part:

> The court[7] may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . .

Congress did not define "extraordinary and compelling reasons" but rather delegated that authority to the United States Sentencing Commission to delineate those reasons in a policy statement. *See United States v. Beltran*, 2021 U.S. Dist. LEXIS 47480, at \*4 (E.D. Tex. 15 Mar. 2021) (unpub. op.). In setting forth the applicable factors for courts to consider in deciding whether "extraordinary circumstances" warrant post-trial sentencing reduction, the Sentencing Commission's policy statement specifically analogizes the power to grant sentence reduction requests under 18 U.S.C. § 3582(c) as an approximation of the long-since-defunct parole process for federal civilian inmates, which Congress previously abrogated. The Sentencing Commission's recent policy statement observed that: "In effect, [18 U.S.C. § 3582(c)(1)(A)] replaced opaque Parole Commission review of every federal sentence with a transparent, judicial authority to consider reducing only a narrow subset of sentences—those presenting 'extraordinary and compelling' reasons for a reduction." AMENDMENTS TO THE SENTENCING GUIDELINES: AMENDMENTS TO THE SENTENCING GUIDELINES, POLICY STATEMENTS, OFFICIAL COMMENTARY, AND STATUTORY INDEX 11 (1 Nov. 2023).[8]

Since 2018, 18 U.S.C. § 3582 has allowed defendants to petition district courts *directly* for compassionate release, eschewing the earlier statutory

---

[7] As explained *supra*, the term "court" here pertains to federal district courts.

[8] Found at https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf (last accessed 15 Jan. 2024) (providing the U.S. Sentencing Commission's recommended amendments to the Congress).

requirement that such petitions required endorsement by the petitioner's prison warden prior to forwarding a petition to the applicable district court for substantive consideration. *See United States v. Greene,* 516 F.Supp.3d 1, 21 (D.D.C. 2021) (per curiam) (holding that one intent of the amendment was to "expand[ ] the use of compassionate release by removing the [Federal Bureau of Prisons] as a gatekeeper to judicial consideration of sentence reduction motions" (first alteration in original)).

### B. Analysis

The foundational issue in this case is subject-matter jurisdiction, specifically, whether this court or any military trial judge has subject-matter jurisdiction over clemency writs styled as requests for sentencing relief filed on collateral review.

Recently, this court addressed a petition under 18 U.S.C. § 3582 for compassionate release. In May 2022, this court denied a similar *pro se* petition in a separate case seeking relief directly from this court. *In re Kawai,* Misc. Dkt. No. 2022-02, 2022 CCA LEXIS 310, at *7 (A.F. Ct. Crim. App. 25 May 2022) (unpub. order). What *In re Kawai* did not address was a situation in the case at bar, namely: whether a military *trial* judge could qualify as a *sentencing court* for the purpose of granting a "compassionate release" pursuant to 18 U.S.C. § 3582. We answer that question today with an unequivocal no.

Turning to Petitioner's request for sentence reduction due to his purported extraordinary circumstances under 18 U.S.C. § 3582(c)(i), we find that neither we nor any military trial judge has authority to grant such a request. We address three issues leading to our conclusion: (1) 18 U.S.C. § 3582 applies to the federal trial judiciary not the military judiciary; (2) the limited scope of authority for detailed military trial judges is co-extensive only to cases in which they are currently detailed, and extends only to recommendations for clemency; and (3) the limited jurisdiction of this court to hear collateral appeal writs does not extend to clemency requests.

### 1. 18 U.S.C. § 3582 Does Not Apply to Courts-martial

Both the structure of the United States Code itself (with full provision made by Congress for courts-martial under the UCMJ in Title 10, United States Code) as well as the substantive criminal procedural statutes exclude courts-martial.[9] By its clear terms, Chapter 227 applies to federal district

---

[9] Our conclusion is not new, since the first decade of the UCMJ, this court has recognized the obvious—that courts-martial are governed by their own procedural rules for sentencing, *not* Title 18, United States Code. *See United States v. Castro,* 28 C.M.R. 760 (A.F.B.R. 1959) (affirming denial of defense counsel's request for appellant to be

courts—18 U.S.C. § 3557, citing 18 U.S.C. § 3551, categorically excludes offenses punishable under the UCMJ from the sentencing rules applicable to federal district courts. Moreover, other provisions of Title 18 demonstrate that this was no oversight to exclude military courts from the procedural sentencing rules applicable to federal district courts—when Congress wanted to mention the military, they did so explicitly. *See, e.g.,* 18 U.S.C. § 1385 (forbidding the use of military forces as a posse comitatus to enforce civilian law); 18 U.S.C. § 3261 (creating extra-territorial jurisdiction over offenses committed by military members and persons accompanying the military for Title 18 offenses punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States). None of those references however sought to apply Title 18 procedural sentencing rules to courts-martial.[10]

Moreover, the evanescent nature of courts-martial, in contrast to the "standing courts" of the federal district courts, demonstrate the practical impossibility of investing 18 U.S.C. § 3582 power to courts-martial. Unlike the standing federal district courts, established and organized by Congress under Title 28, courts-martial emanating from Title 10 are creatures of necessity, convened only on an "as needed" basis by convening authorities. That basic paradigm represents a continuity of practice from the founding of the American military justice system under the 1775 Articles of War to present day. *See United States v. Weiss,* 36 M.J. 224, 228 (C.M.A. 1992) ("A court-martial is a temporary court, called into existence by a military order and dissolved when its purpose is accomplished." (Citations omitted).). No lesser authority than Colonel William W. Winthrop, whom both the United States Supreme Court and the CAAF refer to as the "Blackstone of Military Law,"[11] affirms this in his foundational treatise: "[A court-martial] has no common law powers whatever,

---

sentenced pursuant to 18 U.S.C. § 5010—*i.e.*, probation in lieu of confinement for youthful offenders—because the term "court" in the statute applied to the district courts of the United States and not courts-martial). Our superior court and sister service CCAs agreed. *See United States v. Baker*, 34 C.M.R. 91, 93 (C.M.A. 1963) (holding that 18 U.S.C. § 5031, *Federal Juvenile Delinquency Act*, is inapplicable to courts-martial); *United States v. West,* 7 M.J. 570, 571 (A.C.M.R. 1979) (holding the same statute "has no application to proceedings under the Uniform Code of Military Justice" (citations omitted)).

[10] Tellingly, 18 U.S.C. § 3261(c) specifically preserved the independent jurisdiction of courts-martial in trying these types of offenses: "Nothing in this chapter [18 U.S.C.S. §§ 3261 et seq.] may be construed to deprive a court-martial . . . of concurrent jurisdiction with respect to offenders or offenses that by statute or by the law of war may be tried by a court-martial . . . ." (First alteration in original).

[11] *See United States v. New,* 55 M.J. 95, 121 (C.A.A.F. 2001) (citing *Reid v. Covert*, 354 U.S. 1, 19 n.38 (1957) (plurality opinion)).

but only such powers as are vested in it by express statute or may be derived from military usage." WILLIAM WINTHROP, MILITARY LAW AND PRECEDENTS 15 (2d ed. 1920). For over a century, the Supreme Court has affirmed this view, and military appellate courts have similarly relied upon that interpretation. *See Weiss*, 36 M.J. at 228; *United States v. Singleton,* 45 C.M.R. 206, 208 (C.M.A. 1972) (quoting *Runkle v. United States*, 122 U.S. 543, 556 (1887)) ("A court-martial organized under the laws of the United States is a court of special and limited jurisdiction. It is called into existence for a special purpose and to perform a particular duty. When the object of its creation has been accomplished, it is *dissolved*." (Emphasis added).).

To understand the limited authority of trial judges at courts-martial, we take note of how the Supreme Court has historically construed the jurisdiction of military courts. While the Supreme Court rendered their *Runkle* opinion in construing pre-UCMJ courts-martial, for purposes of Petitioner's case, the underlying process is substantially similar, involving a court convened by command authority with detailed members of that court-martial (be they court members or a military judge) exercising limited duties articulated under the Rules for Courts-Martial[12] and expiring upon the completion of the trial and convening authority "action" in the case.[13] Court members do not remain detailed to courts-martial outside the parameters of the convening order which created the court-martial. So too, military trial judges exercise no inherent authority; they wield power solely when detailed to a court-martial, and pertinent to Petitioner's court-martial, only until the convening authority's action (which officially triggered the forwarding of his court-martial for direct appellate review).[14]

---

[12] *See generally* Rule for Courts-Martial (R.C.M.) 502 (duties of court members, counsel, and military judge); R.C.M. 503 (detailing court members, counsel, and military judge); R.C.M. Chapters IX and X (setting forth *Trial Procedures Through Findings* and *Sentencing* procedures).

[13] Petitioner's court-martial preceded the Military Justice Act of 2016 (Pub. L. No. 114-328, § 5333, 130 Stat. 2000, 2936 (2016)). Accordingly, convening authority "action" under the previous version of R.C.M. 1107 (2012 *MCM*) was required prior to Petitioner's case transitioning for automatic appellate review.

[14] The CAAF specifically states in *Weiss*,

> Military judges perform duties prescribed by statute and the executive order when detailed to a specific court-martial. Military judges have no inherent judicial authority separate from a court-martial to which they have been detailed. When they act, they do so as a court-martial, not as a military judge. Until detailed to a specific court-martial, they have

**2. 18 U.S.C. § 3582 Functionally is a Clemency Statute**

In addition to not being applicable to military courts-martial because courts-martial are not qualifying courts within the meaning of the procedural sentencing rules set forth in Chapter 227 of Title 18, the sentence relief Petitioner seeks under 18 U.S.C. § 3582 is beyond the scope of our jurisdiction because it essentially functions as a clemency statute. That is, the predicate for sentence reductions is circumstances arising after the convicted misconduct. *See* 18 U.S.C.S. Appx. § 1B1.3(b); AMENDMENTS TO THE SENTENCING GUIDELINES 11.[15] So unlike Article 66(d), UCMJ, sentence appropriateness review, the extraordinary circumstances which serve as a basis for sentence reduction under 18 U.S.C. § 3582(c) are not emblematic that the sentence was inappropriate from its inception,[16] but rather that the appellant's personal

---

no more authority than any other military officer of the same grade and rank.

36 M.J. at 228 (citations omitted). Specifically, at the time of Petitioner's court-martial, the military trial judge's authority to take post-trial actions in the case expired upon the judge's authentication of the record of trial. *See* R.C.M. 1102(b)(2) (2012 *MCM*) (authorizing the military judge to convene post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions only prior to the authentication of the record of trial).

[15] The Sentencing Commission defines six applicable factors for determining "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1): (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) the defendant was a victim of physical or sexual abuse while serving a federal term of imprisonment; (5) other reasons (*i.e.*, "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"); and (6) because of a change in the law, the defendant received an unusually long sentence resulting in sentence disparity and has served at least ten years of the term of imprisonment. *See* 18 U.S.C.S. Appx. § 1B1.13(b) (26 Dec. 2023); *see also* AMENDMENTS TO THE SENTENCING GUIDELINES 1–3 (1 Nov. 2023).

[16] We acknowledge two limited exceptions to this rule: (1) conditions of post-trial confinement (*see United States v. White*, 54 M.J. 469, 472 (C.A.A.F. 2001) (authorizing sentence reduction for post-trial conditions imposing cruel and unusual punishment); *see also United States v. Gay*, 74 M.J. 736, 742 (A.F. Ct. Crim. App. 2015) (authorizing sentence reduction for post-trial conditions even when they do not rise to the level of cruel and unusual punishment), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016)); and (2) excessive post-trial delay (*see United States v. Tardif*, 57 M.J. 219, 223 (C.A.A.F. 2002); Article 66(d)(2), UCMJ.

Outside those circumstances, military CCAs are constrained to conducting sentence appropriateness review, and granting sentence appropriateness relief, only on the basis of the materials in the record on appeal. *See Healy*, 26 M.J. at 396 ("Although the

circumstances unrelated to the convicted misconduct warrants relief as a matter of mercy. "Mercy" is a hallmark of clemency—which is categorically beyond the statutory ambit of this court's Article 66(d), UCMJ, sentence appropriateness review. *See Healy,* 26 M.J. at 395–96.

### 3. Military Trial Judges Have No Authority to Grant Clemency

Petitioner contends that Senior Judge Richardson, *personally*, is authorized by 18 U.S.C. § 3582 to grant him sentencing relief. We disagree. Applying the plain language of the statute, we find that Senior Judge Richardson is not a court of competent jurisdiction for this petition because the statute mandates that such petitions be adjudicated by the "sentencing court." *See, e.g.*, *Ambriz v. United States*, 465 F.Supp.3d 630, 632 (N.D. Tex. 2020).[17] We hold that neither Senior Judge Richardson, nor any military trial judge, has authority to grant Petitioner's requested relief under 18 U.S.C. § 3582 because there is no "sentencing court" still in existence authorized to grant Petitioner relief under 18 U.S.C. § 3582(c). Given the jurisdictional limits of courts-martial (Articles 16 and 76, UCMJ) and the enumerated powers of the military judges detailed to them (Articles 26 and 60(b)(2), UCMJ), the authority of Appellant's original court-martial—and Senior Judge Richardson as the then-presiding military

Code provides a means after trial for an accused to get clemency-oriented information into the 'record' prior to action by the convening authority and thereby can bring this information to the attention of the Court of Military Review, the Code does not provide an opportunity for the accused and his counsel to supplement the 'record' after the convening authority has acted.").

[17] Our interpretation aligns with the growing consensus amongst federal district courts adjudicating 18 U.S.C. § 3582 petitions. While Petitioner cites to a minority view voiced by the United States District Court for the Eastern District of Michigan in *Ferguson v. United States,* 592 F.Supp.3d 614, 615 (E.D. Mich. 21 Mar. 2022), which identified a "sentencing judge" vice the sentencing "court" as the entity to take action on said petitions—that decision is an outlier. Indeed, the two cases *Ferguson* cited for that proposition recite that compassionate release petitions are required to be submitted to petitioner's "sentencing court." *Id.* at 616 (citing *Washington v. Warden Cannan USP,* 858 F.App'x. 35, 36 (3d Cir. 2021) (per curiam) (finding that "such a request [under 18 U.S.C. § 3582(c)(1)(A)(i)] needed to be directed to the sentencing court (in Kentucky)"); then citing *Ambriz*, 465 F.App'x. 475 (5th Cir. 2011) ("Because Landazuri did not file this [18 U.S.C. § 3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it." (Alteration in original).)).

Having ourselves revisited the clear statutory language in 18 U.S.C. § 3582(c)(1), and taking into account the repeated consistent construction of that same language in published decisions both by United States District Courts and United States Circuit Courts of Appeals, we conclude that it is the *institution* (*i.e.*, sentencing *court*) not the individual (*i.e.,* sentencing *judge*) which 18 U.S.C. § 3582 vests jurisdiction over compassionate release petitions.

trial judge—long since terminated in this case. Operating under the 2012 *Manual for Courts-Martial*, the military trial judge's ability to take any actions concerning Petitioner's sentence expired upon completion of the convening authority's action in this case. *See* R.C.M. 1104(a)(2) (2012 *MCM*).

To be clear, military trial judges are limited to exercising enumerated powers under the UCMJ and the applicable *Manual for Courts-Martial* to cases still in being. Specific to Petitioner's 2014 court-martial, the military judge was limited to activities preceding the authentication of the record of trial. *See* R.C.M. 1104 (2012 *MCM*).

Simply put, a military judge has no enumerated authority under any Article of the UCMJ nor any provision of the Rules for Courts-Martial to grant clemency.[18] In sum, Senior Judge Richardson—drawing on her prior authority as the presiding military judge in Petitioner's court-marital—has no further power to effect any change on Petitioner's sentence where appellate review, much less her authentication of the record of trial, is long since complete.

### 4. This Court Lacks Jurisdiction to Grant Relief

Next we consider the limits of our jurisdiction to adjudicate 18 U.S.C. § 3582(c) requests for "compassionate release." First, as explained *supra* in relation to military trial courts, no military appellate court is authorized to act as the court of competent jurisdiction in the first instance on petitions for compassionate release under 18 U.S.C. § 3582(c) because that authority does not extend to military courts. Second, with the exception of extraordinary collateral appeal writs such as *error coram nobis*, our authority to act on a case is at an end with completion of final appellate review. *See* Article 76, UCMJ; *Chapman*, 75 M.J. at 600; *Sutton*, 78 M.J. at 541.[19]

---

[18] At the time of Petitioner's 2014 court-martial, a military judge possessed only the authority to *recommend* clemency in a case in which she presided over. *See* R.C.M. 1105(d)(2)(D) (2012 *MCM*); *United States v. Weatherspoon*, 44 M.J. 211, 213 (C.A.A.F. 1996) (citation omitted). The authority to *grant* clemency, on the other hand, was then and remains now, vested in the convening authority in the first instance. *Compare* R.C.M. 1107 (2012 *MCM*), *with* R.C.M. 1109, 1110 (*Manual for Courts-Martial, United States* (2024 ed.)). Prior to the effective date of the Military Justice Act of 2016, the "action" of the convening authority to grant or deny clemency effectively ended the trial proceedings and transitioned the case to post-trial review. R.C.M. 1111 (2012 *MCM*). Failing that, the only other authority under the UCMJ to dispense the clemency of the sort sought here—mitigation of the remaining unexecuted portion of Petitioner's sentence to confinement—rests solely with the Secretary of the Air Force. Article 74, UCMJ, 10 U.S.C. § 874.

[19] At least four federal courts of appeals (5th, 8th, 10th, and 11th) have embraced this

Third, even if we were to endeavor to distinguish *Chapman*'s and *Sutton*'s interpretation of the All Writs Act as it applies to our jurisdiction over extraordinary writs on collateral appeal for an already finalized appeal, Appellant's request for reduction of his sentence under the "extraordinary and compelling reasons" category of 18 U.S.C. § 3582(c)(1)(A)(i) essentially amounts to a request for clemency. Substantively speaking, clemency petitions are not in aid of our existing jurisdiction to conduct sentencing appropriateness review. *Cf. Boone*, 49 M.J. at 193 (quoting *Healy*, 26 M.J. at 397 (holding that military CCAs have "no duty to receive information or data that purports to be relevant only to clemency . . . [as] the Code provides no way for bringing to the attention of [these appellate courts] information that purportedly bears even on sentence appropriateness")).[20]

For the foregoing reasons, neither Senior Judge Richardson, nor any other serving trial military judge, nor this court, have the authority to grant "compassionate release" under the provisions of 18 U.S.C. § 3582(c). In the end,

---

understanding of the "evanescent" nature of a creation and completion of a court-martial in ruling that the "vanishing nature" of a court-martial eliminates them as courts of competent jurisdiction for post-trial collateral relief of the type requested here. *See Brown v. Sec'y of the U.S. Army*, 859 F.App'x. 901, 901 (11th Cir. 2021); *see also Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011) (explaining why court-martial prisoners only qualify to file 18 U.S.C. § 2241 petitions (collateral appeal habeas corpus petitions after completion of direct appellate review) because "due to the evanescent nature of court[-]martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack" (citations omitted)); *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004) ("General courts-martial are ad hoc proceedings which dissolve after the purpose for which they were convened has been resolved. As a result, there is not a sentencing court in which a military prisoner may bring a [28 U.S.C.] § 2255 motion." (Citing *Gillam v. Bureau of Prisons,* No. 99-1222, 2000 U.S. App. LEXIS 3684, at *1 (8th Cir. 3 Mar. 2020) (unpub. op.).).

[20] To reach a contrary conclusion, *i.e.*, that we are authorized to adjudicate 18 U.S.C. § 3582 petitions, we would be obliged to somehow interpret that clemency statute to be "in aid of our jurisdiction" to evaluate *sentence appropriateness* under Article 66(d), UCMJ—which we do not. The CAAF makes a categorical distinction between clemency and sentence appropriateness review. Sentence appropriateness review does not include acts of clemency, and it is an abuse of discretion for CCAs to exercise it as such. *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *see also Nerad*, 69 M.J. at 146 (citing *Boone*, 49 M.J. at 192 (reasoning that sentence appropriateness review "empowers the CCAs to 'do justice,' with reference to some legal standard, but does not grant the CCAs the ability to 'grant mercy'")).

14

Petitioner is essentially requesting clemency, which we have no authority to grant.[21]

Finally, Petitioner's two remaining requests—a recommendation for clemency or parole, or to appoint him a military defense counsel and certify any questions from this petition to the CAAF—can be easily addressed. First, we have neither statutory nor writ-based authority to recommend parole in this or any case. *See Healy*, 26 M.J. at 395–96 ("Article 66, UCMJ, 10 U.S.C. § 866, assigns to the Courts of [Criminal Appeals] only the task of determining sentence appropriateness: doing justice . . . . The responsibility for clemency, however, was placed by Congress in other hands.").[22] Further, we have no authority under Article 70(c), UCMJ, to appoint appellate defense counsel, where such authority is vested principally with the respective service Judge Advocates General.[23] *See Chapman* 75 M.J. at 600 (citation omitted). And lastly, we have no authority to "certify" issues to the CAAF—that authority once again rests solely with the respective service Judge Advocates General. Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2).

---

[21] We note that a more permissible venue for Petitioner's request at this juncture may be those entities with actual clemency authority, *e.g.*, the Secretary of the Air Force, pursuant to Article 74, UCMJ, 10 U.S.C. § 874, or the Air Force Board of Clemency and Parole pursuant to Department of Defense Instruction 1325.07, *Administration of Military Correctional Facilities and Clemency and Parole Authority* (11 Mar. 2013, incorporating Change 4, 19 Aug. 2020).

[22] This is not to say that an individual who previously served as a military judge in a particular case could not recommend clemency to an appropriate authority after a case became final within the meaning of Article 76, UCMJ—but that would be an individual decision by that person. The point remains, this court has no authority to issue a writ to a particular current or former military judge ordering them to recommend clemency in any case whatsoever.

[23] Only the CAAF can direct the service Judge Advocates General to appoint appellate defense counsel, and for issues which the CAAF itself granted review. *See United States v. Arkness*, 73 M.J. 454 (C.A.A.F. 2014); Article 70(c), UCMJ.

### III. CONCLUSION

Petitioner has not demonstrated that this court, or a military trial judge, can grant him the relief he seeks. Accordingly, Petitioner's "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)," dated 6 August 2023, is **DENIED** for lack of jurisdiction.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court